**UNITED STATES of America, Appellee,**

**v.**

**Mohammad Haleem KHAN, Defendant-Appellant.**

**No. 1067, Docket 87-1479.**

United States Court of Appeals, Second Circuit.

Petition For Rehearing Submitted on Oct. 21, 1988.

Decided Feb. 7, 1989.

Robert J. Cleary, Asst. U.S. Atty., S.D. N.Y. (Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., John F. Savarese, Asst. U.S. Atty., of counsel), for appellee.

Robert E. Precht, Legal Aid Soc. Federal Defender Services Unit, New York City, for defendant-appellant.

Before LUMBARD, OAKES and KEARSE, Circuit Judges.

LUMBARD, Circuit Judge:

On September 7, 1988, we reversed Mohammad Haleem Khan's conviction on a guilty plea of one count of wire fraud under 18 U.S.C. § 1343. *U.S. v. Khan,* 857 F.2d 85 (2d Cir.1988). Khan had been sentenced, *inter alia,* to pay restitution to the government in the amount of $266,000. We found that the plea allocution prior to the acceptance of Khan's plea by the District Court for the Southern District of New York, Daronco, *Judge,* was defective under Fed.R.Crim.P. 11(c) because the District Court failed to inform Khan that it might, as a part of its sentence, order Khan to pay restitution to the government. We therefore vacated Khan's guilty plea and reversed the conviction.

Thereafter, the government petitioned for a rehearing of the appeal and proposed that our decision be modified in order to permit a remand to the district court for the purpose of affording the district court an opportunity to eliminate the restitution order from Khan's sentence while leaving the remainder of the sentence undisturbed. Such a modification of our decision, the government maintains, would eliminate the prejudice to Khan caused by the defective plea allocution while preserving the guilty plea, the conviction and the permissible portions of the sentence. If the district court were to elect to strike the offending part of the sentence, Khan would be in the same position in which he would have been had no Rule 11(c) violation occurred, and the time and expense of further proceedings would be avoided.

Khan argues in opposition to the government's proposal that to permit the non-offending part of his sentence to stand would contravene this court's policy of insisting upon strict compliance with Rule 11(c). Vacating the plea *in toto,* he argues, "encourages the District Courts to get it right the first time." To do other than invalidate pleas in which one segment of the allocution violated Rule 11(c), he asserts, would encourage a looser attitude towards Rule 11(c) in the district courts and would spawn more post-plea litigation.

We do not find Khan's arguments persuasive. Permitting Khan's conviction and sentence to stand after the excision of that easily identifiable portion of the sentence that is impermissible under Rule 11(c) detracts in no way from our admonition in *United States v. Journet,* 544 F.2d 633, 635 (2d Cir.1976), to the district courts to comply strictly with the rule. Moreover, Rule 11 as amended in 1983 specifies the application of harmless error analysis. *See also* Advisory Committee Note to 1985 amendment to Rule 11(c)(1) (failure to advise of possibility of restitution order is harmless error if restitution not ordered).

Khan also argues that his plea should be considered defective in its entirety because of several other "manifold deficiencies" in the allocution. Neither of the two minor omissions alleged would, if proven, rise to the level of variances affecting Khan's "substantial rights", Fed.R.Crim.P. 11(h), and would constitute harmless error.

The petition for rehearing is granted; the case is remanded for further proceedings consistent with this opinion.