UNITED STATES of America,
Plaintiff–Appellee,

v.

Robert Seaman DRABECK, Jr.,
Defendant–Appellant.

No. 89–30237.

United States Court of Appeals,
Ninth Circuit.

Submitted June 5, 1990 *.

Decided June 14, 1990.

Sidney K. Billingslea, Asst. Federal Public Defender, Anchorage, Alaska, for defendant-appellant.

Sue Ellen Tatter, Asst. U.S. Atty., Anchorage, Alaska, for plaintiff-appellee.

Before HALL, THOMPSON and LEAVY, Circuit Judges.

CYNTHIA HOLCOMB HALL, Circuit Judge:

Robert S. Drabeck ("Drabeck") appeals his sentencing under the Sentencing Guidelines, following a guilty plea, for bank larceny in violation of 18 U.S.C. § 2113(b). He argues that the district court erred by adjusting his sentence upward based upon Sentencing Guidelines § 3B1.3. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291 and we affirm.

I.

Drabeck was employed by the X–Cel Janitorial Service, which had a cleaning contract with Security Pacific Bank. Drabeck had keys to the bank, and often worked unsupervised after the bank was closed. He was subject to fidelity bonding by his employer. On March 12, 1989, Drabeck was in the bank engaged in janitorial work in the evening hours, when no bank workers were present. On that evening, Drabeck removed $6,300 in American Express Traveler's Checks from the bank coin vault, located in an area where the general public

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

was not allowed. To get into the vault, Drabeck had to turn the handle of the vault door, which was either unlocked or defective.

Drabeck pled guilty to one count of bank larceny in violation of 18 U.S.C. § 2113(b). He was sentenced to nine months incarceration followed by three years of supervised release[1], restitution of $1,196 and a $1,000 fine.

## II.

We review *de novo* the application of the Sentencing Guidelines. *United States v. Restrepo,* 884 F.2d 1294, 1295 (9th Cir.1989); 18 U.S.C. § 3742(e)(1) & (2) (West Supp.1990). We review the district court's factual findings for clear error. *Restrepo,* 884 F.2d at 1295; 18 U.S.C. § 3742(e). Because the facts are not in dispute in the case, we need only consider whether the court construed the Guidelines correctly.

Guideline § 3B1.3 states that:

[i]f the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense, increase by 2 levels. This adjustment may not be employed in addition to that provided for in § 3B1.1, nor may it be employed if an abuse of trust or skill is included in the base offense level or specific offense characteristic.

The district judge found that Drabeck was in a position of trust, and increased his offense level by two. Given the record in this case, we are not prepared to call this factual finding clearly erroneous. Furthermore, this position of trust clearly facilitated the commission of the crime. As a direct result of Drabeck's employment, he had keys to the bank, was able to enter at a time when no other employees were present, and had access to areas not open to the public. *Cf. United States v. Berkowitz,* 712 F.Supp. 707, 709 (N.D.Ill.1989) (where defendant stole and destroyed government tax documents from the Unit-

ed States Attorney's Office while conducting discovery, he did not abuse a position of private trust in obtaining the documents but simply took advantage of an opportunity).

Drabeck does not contest the district court's findings of fact. Rather, he argues that the two point upward adjustment under Guideline § 3B1.3 was not meant to apply to any person lower on what he calls the "hierarchy of fiduciary responsibility" than an ordinary bank teller. He cites to Application Note 1 of the Commentary, which states that:

[t]he position of trust must have contributed in some substantial way to facilitating the crime and not merely have provided an opportunity that could as easily have been afforded to other persons. This adjustment, for example, would not apply to an embezzlement by an ordinary bank teller.

Drabeck argues that it is evident that a janitor must be lower than a bank teller on this hierarchy of fiduciary duty. Therefore if it would be an impermissible application of the Guidelines to give a bank teller the extra two points under section 3B1.3, it is impermissible to assign these points to him. We disagree.

Initially, we note the factual differences between a contract janitorial service and an ordinary bank teller. These differences were well summarized by the district judge.

In my view, the defendant is in a position of trust, and is in a position different from that of a bank teller. In my view, in addition to what is stated in the presentence report, and in part repeating that, I guess, this defendant because of the availability of bank keys and because of the nature and time of day that his work was done, had access to the bank and to the assets of the bank at a time and under circumstances that not even tellers have access. He was able to go in the night-time when no one else was there. And that, in my view, substantial-

---

1. Drabeck's appeal is not moot even though he has served his sentence, as the collateral consequences of his sentence persist. *See Armant v.*

*Marquez,* 772 F.2d 552, 555 (9th Cir.1985), *cert. denied,* 475 U.S. 1099, 106 S.Ct. 1502, 89 L.Ed.2d 902 (1986).

ly distinguishes his position from that of a teller who is there in the daytime and is subject to all sorts of supervision, and to daily audits.

We agree that this lack of supervision over the defendant distinguishes him sufficiently from an ordinary bank teller such that the exception from the enhancement that the Commentary affords the teller is inapplicable to him.

Additionally, we are somewhat at a loss to understand why the Sentencing Commission believes that an ordinary bank teller who embezzles should not receive the enhancement. Unlike many other Guideline sections, the section on embezzlement[2] does not already include abuse of trust in the specific offense characteristic, nor does it specifically mention in its Commentary whether section 3B1.3 applies.[3]

There are cases suggesting that the fact that the defendant-teller is in a position of trust may already be an element of the offense of embezzlement (and thus included in the base offense level), and the Commission may have refused in their Commentary to enhance an embezzlement sentence for that reason. *See United States v. Jimenez*, 897 F.2d 286, 297 (7th Cir.1990) (court states in dicta that enhancement of sentence for abuse of trust is not applicable to embezzlement); *United States v. Herrera*, 878 F.2d 997, 1001 n. 3 (7th Cir. 1989) (section 3B1.3 designed to prevent double counting, thus it may not be employed if an abuse of trust is included in the base offense level); *United States v.*

*Reich*, 661 F.Supp. 371, 373 (S.D.N.Y.1987) (in order to sentence lawyer under the Guidelines, the district court would have to determine whether breach of trust is built into the notion of insider trading before deciding whether to add two points under section 3B1.3).

In the present case, Drabeck was convicted of the crime of larceny, which does not include being in a position of trust as an element of the crime. Thus, his case is distinguished from an embezzlement case involving a bank teller. Applying the converse of this reasoning to the crime of embezzlement, and if we assume that being in a position in trust is included within the elements of embezzlement, then no one who embezzled, whether he or she was a bank president, a manager, or an ordinary teller would be subject to the abuse of trust enhancement. This would be at odds with the Commissioners' comments. If the Commissioners meant for the enhancement not to be applied to all embezzlers because abuse of trust is already included in the crime of embezzlement, they would have no cause to single out "ordinary bank tellers" in the Application Note. Furthermore, they would have excluded the application of section 3B1.3 in an Application Note to the general embezzlement section, as they did in numerous other offense sections, and would not have permitted the enhancement for embezzlement by union officers (see note 3).

We can only conclude that the United States Sentencing Commission must have

---

2. Sentencing Guidelines § 2B1.1 applies to Larceny, Embezzlement, and Other Forms of Theft. United States Sentencing Commission Guidelines Manual (November 1, 1989).

3. *Those sections which do discuss whether section 3B1.3 is applicable include section 2C1.2 on Offering a Gratuity (specific offense characteristics includes an increase of eight levels where the gratuity was given by an elected official, the Application Note states that section 3B1.3 should not be applied); section 2C1.3 on Conflict of Interest (Application Note states that the adjustment in section 3B1.3 should not be applied); section 2C1.6 on Loan to Bank Examiner (Application Note states that section 3B1.3 should not be applied); section 2E5.2 on Theft or Embezzlement from Employee Pension Plan (Application Note calls for enhancement pursu-*

ant to section 3B1.3 if defendant had a fiduciary obligation under the Employment Retirement Income Security Act); section 2E5.4 on Embezzlement or Theft from Labor Unions in the Private Section (Application Note calls for union officer to receive two-point increase under section 3B1.3); section 2F1.2 on Insider Trading (Application Note calls for section 3B1.3 to be applied only if the defendant occupied a position of special trust, such as a corporate president or an attorney); and section 2H1.2 on Conspiracy to Interfere with Civil Rights (Application Note states that section 3B1.3 should not be applied if the person conspiring to interfere with civil rights is already a public official, because if defendant is a public official than the offense characteristic already mandates an increase by four levels).

meant that a position of trust occupied by an "ordinary" teller does not contribute to the crime of embezzlement or its concealment in "substantial" enough manner. In the case at bar, the district judge found that Drabeck's position of trust did substantially facilitate his crime, and this finding was not erroneous. Thus Guideline § 3B1.3 was properly applied to Drabeck.

Finally, we point out that the Commentary to the Sentencing Guidelines is not binding law, rather it is only advisory commentary to assist the court in the application of the statute. *United States v. Gross*, 897 F.2d 414, 417 (9th Cir.1990). *See also United States v. Anderson*, 895 F.2d 641, 646 (9th Cir.1990) (guideline commentary is not a substitute for the provisions themselves). Thus even if a logical extension of the Application Note regarding ordinary bank tellers would prevent our finding that Drabeck was in a position of private trust, we are not bound by that.

AFFIRMED.