UNITED STATES of America, Appellee,

v.

Eugene YOUNG, Defendant–Appellant.

No. 960, Docket 90–1570.

United States Court of Appeals,
Second Circuit.

Argued March 15, 1991.

Decided May 3, 1991.

Michael F. Bachner, New York City, for defendant-appellant.

Alan Brudner, Asst. U.S. Atty., New York City (Otto G. Obermaier, U.S. Atty., David E. Brodsky, Asst. U.S. Atty., on the brief), for appellee.

Before NEWMAN, PIERCE and WALKER, Circuit Judges.

JON O. NEWMAN, Circuit Judge:

This sentencing appeal concerns the sentencing guideline for abuse of a trusted position and the extent of a sentencing judge's discretion in revising a sentence that includes what the Government concedes is an excessive amount of restitution. Eugene Young appeals from the September 20, 1990, judgment of the District Court for the Southern District of New York (Kenneth Conboy, Judge) convicting him, on his guilty plea, of impersonating a federal officer, in violation of 18 U.S.C. § 912 (1988). We vacate the restitution portion of the sentence and remand.

## Facts

Young was an informant for the Drug Enforcement Administration and the Customs Service. While working undercover as an informant, he met a Customs Service employee, who offered to sell him Customs Service identification cards. Working in cooperation with the Customs Service, Young purchased various stolen items from the employee, including blank Customs Service identification cards. He turned over most of these cards to the Government in connection with the prosecution of the employee, but retained some of the cards to facilitate his own criminal activity. Young then approached Luvena John, used the stolen Customs identification card to identify himself as a federal agent, and offered to sell John a car allegedly confiscated by the Government. Ultimately, Young obtained $5,500 from John and her employer (to whom he also displayed his false i.d.) but produced no car. Young used a similar scheme with three other victims and obtained $14,900 from them.

Young pled guilty to one count of impersonating a federal officer, in violation of 18 U.S.C. § 912, in connection with obtaining $5,500 from John and her employer. The Government acknowledges that at his plea allocution Young was not advised that his sentence might include an order of restitution. Young was sentenced to 18 months' imprisonment and ordered to pay restitution in the amount of $20,400, the total obtained from all of his victims.

## Discussion

### I. Abuse of Trust

█ In calculating Young's applicable guideline range, Judge Conboy added two levels pursuant to U.S.S.G. § 3B1.3, which applies to a defendant who "abused a position of public or private trust ... in a manner that significantly facilitated the commission or concealment of the offense." The enhancement was entirely proper, and certainly an application of the guideline warranting "due deference." *See* 18 U.S.C. § 3742(e) (1988); *United States v. Shoulberg,* 895 F.2d 882, 884 (2d Cir.1990). Young obtained the Customs i.d. because the Customs Service reposed sufficient

trust in him to work as an informant, and his display of the i.d., in connection with his claim to be selling confiscated Government property, significantly facilitated the offense. *See United States v. Drabeck,* 905 F.2d 1304, 1305–06 (9th Cir.), *reh'g granted and mandate recalled,* 915 F.2d 1404 (9th Cir.1990).

## II. Restitution

■■■ The restitution order, as the Government concedes, is invalid in two respects.[1] First, the plea allocution did not inform Young that restitution could be ordered, as required by Fed.R.Crim.P. 11(c)(1). *See United States v. Khan,* 857 F.2d 85 (2d Cir.1988), *modified on reh'g,* 869 F.2d 661 (2d Cir.1989), *cert. denied,* —— U.S. ——, 111 S.Ct. 682, 112 L.Ed.2d 674 (1991). Second, the amount of restitution exceeded the $5,500 obtained in the offense of conviction, a result that is impermissible under *Hughey v. United States,* —— U.S. ——, 110 S.Ct. 1979, 109 L.Ed.2d 408 (1990).

■■■ What remains for determination is the appropriate remedy for the infirmities in the restitution order. Apparently recognizing that the lack of advice concerning the prospect of restitution could be readily cured on remand and not wishing to withdraw his plea, Young informed us at oral argument that the sole remedy he seeks is to have the amount of restitution reduced from $20,400 to $5,500, thereby, in effect, waiving the Rule 11 defect and remedying the *Hughey* defect. The Government concedes that the restitution amount should be reduced to $5,500, but contends that on remand the District Judge should be given discretion to impose a fine, in lieu of the amount of restitution precluded by *Hughey*. As the Government points out, Judge Conboy felt that Young's financial condition was insufficient to warrant both a fine and restitution to all the victims, and he expressly declined to impose a fine in order to "give priority to" the victims. In the Government's view, the District Judge should be able to repackage his sentence to include both restitution of $5,500 and a

fine, up to an aggregate monetary sanction of $20,400, the amount of the original restitution. It will be convenient to consider the Government's contention that a fine is permissible on remand before considering whether the Rule 11 violation may be waived.

Citing our decisions in *United States v. Diaz,* 834 F.2d 287, 290 (2d Cir.1987), *cert. denied,* 488 U.S. 818, 109 S.Ct. 57, 102 L.Ed.2d 35 (1988), and *McClain v. United States,* 676 F.2d 915, 916–18 (2d Cir.), *cert. denied,* 459 U.S. 879, 103 S.Ct. 174, 74 L.Ed.2d 143 (1982), the Government broadly asserts, "It is settled law that when one component of a sentencing package is set aside on appeal, the District Court may adjust the other components in order to restore the sentencing package's original size and shape." Brief for Appellee at 9. That is not the law in this Circuit, as the Government found out when we rejected this same contention in *United States v. Pisani,* 787 F.2d 71 (2d Cir.1986). As we there explained, an upward revision of a previously imposed sentence was permitted in *Diaz* and *McClain* because of the invalidation of a mandatory consecutive sentence. In that situation, it was reasonable to assume that the aggregate sentence reflected the fact that the sentencing judge had diminished the length of the sentence underneath the consecutive sentence that he incorrectly had thought he was obliged to impose. But in *Pisani,* which did not involve a mandatory consecutive sentence, we refused to permit an increase in a mail fraud sentence after vacating sentences for other offenses. Recently, we permitted upward revision of a sentence on one count after invalidation of sentences on other counts where the counts, which charged tax evasions in consecutive years, could be regarded, for sentencing purposes, as "fungible," *United States v. Gelb,* No. 90–1396, slip op. 2381, 2398 (2d Cir. Mar. 5, 1991). We noted, however, that "[w]e would face a different and closer question if a judge who had determined that a particular offense merited slight punishment revised that punishment to compensate for the dis-

---

**1.** Though we appreciate the Government's candor in acknowledging on appeal the two deficiencies in the restitution order, the Government would have been more helpful if it had alerted the District Court to both matters.

allowance of a penalty imposed for wrong-doing of a different sort." *Id.* We have also permitted an upward revision to conform to the terms of an explicit sentence bargain. *See United States v. Rico,* 902 F.2d 1065 (2d Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 352, 112 L.Ed.2d 316 (1990).

This case is unlike either *Diaz, McClain,* or *Pisani* in that the Government seeks an upward revision of only one component of a sentence on a single count in light of the invalidation of another component, rather than, as in those cases, an upward revision of a sentence on one count in light of the invalidation of sentences on other counts. Though the restitution component of Young's sentence was not mandatory, Judge Conboy explicitly stated that he was withholding a fine in order to give priority to restitution; he was not making an assessment that the conduct in question did not merit financial sanctions. Under these circumstances, he should have an opportunity to determine whether to impose a fine, now that the restitution component has been invalidated.

The next issue is whether the restitution order should be eliminated or whether only a reduction of the amount to $5,500 is required. In *Khan,* 869 F.2d at 662, at the Government's request we permitted the District Court to eliminate a restitution order because of a Rule 11 violation. Here, appellant has indicated willingness to waive the Rule 11 violation and accept a reduction of the restitution amount to $5,500. However, that willingness was expressed before we had ruled

that the sentence may be revised to include a fine. We cannot enforce that waiver under this changed circumstance. On remand, if the Government wishes to forgo restitution, it may so indicate, and the guilty plea will stand, as in *Khan.* If it wishes to obtain restitution (limited, under *Hughey,* to $5,500), then Young must be afforded an opportunity to withdraw his plea.[2] If restitution is not sought, or if Young does not withdraw his plea and accepts a reduction of the restitution amount to $5,500, Judge Conboy may then impose a fine up to an amount that, when added to the amount of restitution, does not exceed the original monetary sanction of $20,400.

Sentence vacated in part, and case remanded for further proceedings consistent with this opinion.[3]

---

2. Had there been no Rule 11 violation, the logic of *Khan* would permit the Government to acknowledge the *Hughey* violation and insist on the $5,500 of restitution, without affording Young an opportunity to withdraw his plea. However, the existence of the Rule 11 violation requires either an abandonment of restitution, as in *Khan,* or a waiver of the Rule 11 violation by a defendant fully informed of the range of sentencing options.

3. It appears that the District Judge applied the version of section 2J1.4 that was in effect at the time of Young's offense, whereas the appropriate guideline was the version in effect at the time of the sentence. *See* 18 U.S.C. § 3553(a)(4) (1988); *United States v. Adeniyi,* 912 F.2d 615,

618 (2d Cir.1990). Under the new guideline, if impersonation was done to facilitate another offense, the sentencing judge is to use the guideline for an attempt to commit that offense. U.S.S.G. § 2J1.4(c)(1) (Nov. 1, 1989); *see id.* App. C (amendment 176). The attempt guideline, § 2X1.1, in conjunction with the fraud offense guideline, § 2F1.1, will not necessarily alter Young's offense level, though it might. Although any increased sentence would be barred by the *Ex Post Facto* Clause, Young is entitled to any decrease that might result under the revised guideline. On remand, we authorize the District Judge to accord Young the benefit of a reduction in sentence, if any, that results from application of the revised guideline.