972 F.2d 343
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard John PANABAKER, Defendant-Appellant.
 No. 91-5306.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: November 20, 1991
Decided: August 13, 1992
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore.
 Fred Warren Bennett, Federal Public Defender, Beth M. Farber, Assistant Federal Defender, for Appellant.
 Richard D. Bennett, United States Attorney, Robert M. Thomas, Jr., Assistant United States Attorney, for Appellee.
 D.Md.
 AFFIRMED.
 Before RUSSELL and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Richard Panabaker was convicted of one count of credit card fraud (18 U.S.C.A. § 1029 (West 1976 & Supp. 1991)) and received a sentence of thirty months incarceration. He appeals this sentence, arguing that the district court erred in increasing his offense level pursuant to United States Sentencing Commission, Guidelines Manual, § 3B1.3 (Nov. 1990) for abuse of a position of trust. We affirm.
 
 
 2
 Panabaker worked as a hotel front desk supervisor in the summer and early fall of 1990. Between July and September he stole approximately $12,000 by taking cash from the hotel cash register and generally entering the same amount as a charge against a customer's credit card account; he apparently also possessed and used a few other unauthorized credit card numbers. After receiving complaints, the hotel began an investigation. Scrutiny of the computer records indicated that Panabaker was the source of the problem, and a sting operation was carried out which confirmed these suspicions. When confronted, Panabaker first denied involvement, then admitted his guilt and wrote a detailed statement describing about twenty such thefts using twelve unauthorized credit card numbers.[1]
 
 
 3
 The probation officer recommended an increase in the offense level for abuse of a position of trust. U.S.S.G. § 3B1.3. Panabaker objected, arguing that as a front desk supervisor he had very little responsibility and equated himself with an "ordinary bank teller," a position for which the increase probably would not be given. See § 3B1.3, comment. (n.1). The district court disagreed, and increased his offense level by two. We review this determination for clear error. United States v. Helton, 953 F.2d 867 (4th Cir. 1992).
 
 
 4
 An increase of two levels may be made under § 3B1.3 if the defendant (1) occupied a position of public or private trust and (2) used his position in a manner which significantly facilitated the commission or concealment of the offense. Only the first question is raised in this appeal.
 
 
 5
 The enhancement has been given for a wide range of positions: 2397 26 2 United States marshal,[2] prison cas e manager,[3] comptroller and admin istrative manager of a company,[4] former airline junior station agent,[5] Customs Service informant,[6] mail handler,[7] savings and loan branch manager,[8] truck driver,[9] baby sitter,[10] bank janitor,[11] police officer,[12] security guard,[13] and bank loan clerk.[14] However, the holder of a merchant credit account at a bank, who submitted false customer invoices for non-existent purchases with stolen credit card numbers, had not been put in a position of trust by the bank.[15]
 
 
 6
 Under the test set out in United States v. Hill, 915 F.2d 502 (9th Cir. 1990), and used by the Second Circuit in United States v. Castagnet, 936 F.2d 57 (2d Cir. 1991), a position of trust is one which gives the defendant the freedom to commit a difficult-to-detect wrong, with two indicia: (1) the criminal act will not be discovered as a matter of routine (such as the daily audit of a bank teller's till), and (2) the defendant's activities are not readily observed, so that he is in a position to commit a crime and leave the area before the crime is discovered. Hill, 915 F.2d at 506. Whether the defendant was in a position of trust must be viewed from the perspective of the victim. Castagnet, 936 F.2d at 62; Hill, 915 F.2d at 506 n.3.
 
 
 7
 Under this test, Panabaker's job as hotel front desk supervisor was a position of trust, not simply because he was a supervisor but because, like all the desk clerks, he was able to enter charges against a customer's (or anyone else's) credit card account without this unauthorized activity being immediately detected. As long as he knew the card number and expiration date, he was able to enter charges; he did not need to have the customer's card in hand. Although there were computer records of all the fraudulent charges he made, the records were not examined routinely in such a way as to detect his criminal activity. Further, as front desk supervisor, Panabaker at least sometimes would have been the one responsible for checking the clerks' closing records at the end of a day.
 
 
 8
 Panabaker contends that his was not a position of trust because he had no accounting responsibilities requiring him to monitor the hotel's internal financial transactions, and because he did not have to undergo any specialized training beyond that required of all desk clerks in learning to use the hotel's computer system. He argues that access to customers' credit card numbers was not"a sacred trust" because many other persons in retail sales organizations, especially those taking phone orders, have similar access to customers' credit card numbers. It may indeed be the case that there are many people who occupy a similar position; that does not in itself make it less of a position of trust from the point of view of the person who submits his credit card or gives his card number in order to secure a room or make a purchase.
 
 
 9
 Panabaker further argues that because he had to enter the computer system using his personal password, which ultimately led to his detection when the transaction records were scrutinized, he was not in a position of trust. However, the question is not whether the defendant had a particular level of authority or had specialized knowledge within the organization he worked for, but whether his position gave him the freedom to commit a crime without ready detection, i.e., facilitated the commission or concealment of the offense. § 3B1.3, comment. (n.1). Panabaker had this freedom and abused it. Therefore, the district court's finding was not clearly erroneous.
 
 
 10
 The judgment of the district court is accordingly affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 When charged, Panabaker nonetheless pled not guilty and went to trial
 
 
 [2]
 United States v. Pascucci, 943 F.2d 1032 (9th Cir. 1991)
 
 
 [3]
 United States v. Brown, 941 F.2d 1300 (5th Cir. 1991)
 
 
 [4]
 United States v. Harotunian, 920 F.2d 1040 (1st Cir. 1990)
 
 
 [5]
 United States v. Castagnet, 936 F.2d 57 (2d Cir. 1991)
 
 
 [6]
 United States v. Young, 932 F.2d 1035 (2d Cir. 1991)
 
 
 [7]
 United States v. Lange, 918 F.2d 707 (8th Cir. 1990)
 
 
 [8]
 United States v. McMillen, 917 F.2d 773 (3d Cir. 1990)
 
 
 [9]
 United States v. Hill, 915 F.2d 502 (9th Cir. 1990)
 
 
 [10]
 United States v. Zamarripa, 905 F.2d 337 (10th Cir. 1990)
 
 
 [11]
 United States v. Drabeck, 905 F.2d 1304 (9th Cir. 1990), on rehearing, redesignated as a memorandum opinion, 944 F.2d 910 (9th Cir. 1991)
 
 
 [12]
 United States v. Foreman, 905 F.2d 1335 (9th Cir. 1990)
 
 
 [13]
 United States v. Parker, 903 F.2d 91 (2d Cir.), cert. denied, 59 U.S.L.W. 3249 (U.S. 1990)
 
 
 [14]
 United States v. Ehrlich, 902 F.2d 327 (5th Cir. 1990), cert. denied, 59 U.S.L.W. 3501 (U.S. 1991)
 
 
 [15]
 United States v. Kosth, 943 F.2d 798 (7th Cir. 1991)