979 F.2d 856
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose MOREIRA, Defendant-Appellant.
 No. 92-10020.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1992.*
Decided Nov. 12, 1992.
 
 Before GOODWIN, FARRIS and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Defendant Jose Amilicar Moreira appeals the 78-month sentence he received in accordance with the federal sentencing guidelines after he entered a plea of guilty to the charge of conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846. Defendant challenges his sentence on two grounds: (1) the district court improperly enhanced defendant's sentence by two points because defendant possessed a firearm during commission of the drug offense; and (2) the district court improperly accepted defendant's guilty plea because it was not voluntarily and intelligently made. We affirm.
 
 I.
 
 3
 On July 5, 1990, defendant Jose Amilicar Moreira was indicted along with twelve other co-defendants for conspiring to possess cocaine for distribution and other related charges. Defendant entered into a written plea agreement on September 4, 1991, wherein he agreed to plead guilty to count one of the indictment, charging him with involvement in a conspiracy to possess cocaine for distribution. After determining that the defendant was competent and capable of entering an informed plea, and that his plea was knowingly and voluntarily made, the district court accepted the plea agreement and set the matter for sentencing. A draft Pre-Sentence Report (PSR) was then submitted to the parties. Among other recommendations, the draft PSR suggested that the defendant receive a two-point enhancement under United States Sentencing Guidelines ("U.S.S.G.") § 2D1.1(b)(1) for a firearm that was found near the cocaine that was confiscated from defendant's home. Defendant did not object to the draft PSR, and a final PSR was thereafter issued to which defendant again did not object. The PSR explained the reasoning behind its recommended two-point enhancement:
 
 
 4
 On the day of the defendant's arrest, authorities found a loaded 9 mm semi automatic handgun in a drawer near a metal box containing cocaine. The gun and drugs were found in a locked room in which the defendant possessed the keys. At the time of the defendant's arrest, he admitted the gun belonged to him. The above weapon is reported to be a common weapon used in connection with drug trafficking.
 
 
 5
 PSR at 4. In recommending that defendant not receive a two-point reduction for accepting responsibility, the PSR explained that at one point, during an interview with a probation officer, defendant denied that the weapon or the drugs found in his home belonged to him; instead, defendant claimed that he was only assisting a man named Pedro Santos. See PSR at 5.
 
 
 6
 At the sentencing hearing on December 4, 1991, District Judge Ware adopted the PSR for the purposes of sentencing since the report had been disclosed and no objections to the factual material contained therein had been filed with the court. Again, at the sentencing hearing, defendant did not object to the weapon enhancement. Contrary to the recommendation in the PSR, the district court did give defendant a two-point reduction for acceptance of responsibility. The court imposed a 78-month sentence, the lowest available within the permissible range.
 
 II.
 
 7
 Defendant contends that the district court improperly added a two-point weapon enhancement to his sentence under § 2D1.1(b)(1), objecting to the district court's reliance on the information contained in the PSR which he now claims is insufficiently reliable and factually unsupported. Defendant further complains about the insufficiency of the district court's factual findings, alleging a violation of Rule 32 of the Federal Rules of Criminal Procedure. Defendant does not seek remand, however, but instead asks this court to reduce his sentence from 78 to 63 months so that he has the possibility of avoiding automatic deportation upon his release from prison.
 
 
 8
 Traditionally, this court reviews the district court's finding that the defendant possessed a firearm during the commission of a narcotics crime offense for clear error. United States v. Garcia, 909 F.2d 1346, 1349 (9th Cir.1990). Since defendant failed to raise an objection to the weapon enhancement before the district court, however, this court reviews the issue for "plain error" to determine if there has been a highly prejudicial error affecting substantial rights. United States v. Lopez-Cavasos, 915 F.2d 474, 479 (9th Cir.1990). This case reveals no such plain error.
 
 
 9
 The Sentencing Guidelines provide that "[i]f a dangerous weapon (including a firearm) was possessed during commission of the offense, increase by 2 levels." U.S.S.G. § 2D1.1(b)(1). Under this authority, the district court enhanced defendant's sentence after adopting the findings in the PSR concerning the discovery of a gun with the drugs found at defendant's home. At no time throughout the proceedings below did defendant ever object to the facts contained in the PSR, even though he was required to do so by local rule. See Local Rules of the Northern District of California, General Order No. 28. Defendant cannot now complain "that the district court incorrectly relied on the information contained in the PSR because he never objected to any of the information contained in the PSR." United States v. Starr, No. 91-10215, slip op. 9017, 9027 n. 4 (9th Cir. July 29, 1992).
 
 
 10
 On appeal, defendant argues that the information contained in the PSR lacks sufficient reliability to support the district court's weapon enhancement, and claims that there is insufficient evidence to support the finding that defendant possessed the weapon. Since defendant did not raise these arguments below, they need not be addressed here for the first time. United States v. Visman, 919 F.2d 1390, 1394 (9th Cir.1990), cert. denied, 112 S.Ct. 442 (1991); United States v. Smith, 905 F.2d 1296, 1302 (9th Cir.1990).[1]
 
 
 11
 Defendant further contends that the district court had to make a specific factual finding concerning the defendant's knowledge and ownership of the weapon. Defendant suggests that a statement he made at one time denying that the weapon or the drugs were his, as reflected in the PSR, created a substantial factual dispute since it conflicts with facts asserted in another portion of the PSR stating that defendant admitted to police that the weapon and drugs were his. Contrary to defendant's suggestion, there were no substantial factual disputes requiring the district court to make a specific factual finding. The record clearly shows that, at the sentencing hearing, defendant did not contest the presence of the weapon nor dispute the PSR's recommendation for the weapon enhancement. Thus, the district court appropriately adopted the facts contained in the PSR because they were not disputed. United States v. Rosales, 917 F.2d 1220, 1222 (9th Cir.1990). No additional fact finding was necessary since "[t]he record at the sentencing hearing reflects no confusion on anyone's part as to what the district court decided." United States v. Rigby, 896 F.2d 392, 394 (9th Cir.1990); see also United States v. Corley, 909 F.2d 359, 362 (9th Cir.1990).
 
 
 12
 Defendant's novel suggestion that this court remedy the alleged misconduct of the district court by reducing the defendant's sentence ourselves is entirely without authoritative support and is therefore denied.
 
 III.
 
 13
 As an alternative grounds for reducing his sentence from 78 to 63 months, Defendant claims that his guilty plea was not entered into voluntarily and intelligently. The voluntariness of a guilty plea is generally reviewed de novo; but where the primary focus on appeal is whether the defendant subjectively understood the consequences of his plea, the clearly erroneous standard applies. Iaea v. Sunn, 800 F.2d 861, 864 (9th Cir.1986).
 
 
 14
 The record reveals that the district court properly determined that defendant's plea was voluntary and intelligent. In his colloquy with the defendant through an interpreter, Judge Ware directly addressed the defendant and properly admonished him as required by Rule 11 of the Federal Rules of Criminal Procedure and Supreme Court precedent. The district court's determination that the defendant subjectively understood the consequences of his plea was not clearly erroneous.
 
 
 15
 Defendant points to a number of alleged deficiencies in the plea proceeding which he claims support his argument that his plea was not voluntary or intelligent. We disagree. Defendant claims he was not informed that a guilty plea would lead to his deportation, yet he acknowledges that the district court was not required to inform him of such collateral consequences. See Fruchtman v. Kenton, 531 F.2d 946, 949 (9th Cir.), cert. denied, 429 U.S. 895 (1976). Even assuming the other minor deficiencies in the plea proceeding were supported by the record,[2] they do not entitle the defendant to the relief he seeks. Generally, if a defendant's plea was not entered into voluntarily and intelligently, then it is void. See Boykin v. Alabama, 395 U.S. 238, 243 n. 5 (1969). Defendant's reliance on United States v. Kahn, 869 F.2d 661 (2nd Cir.1989) is misplaced. Kahn involved a violation of Fed.R.Crim.P. 11(c) because the district court's advice to the defendant prior to the acceptance of his plea was defective. Here, no such violation occurred. The government correctly argues that defendant improperly seeks a downward departure from the Sentencing Guidelines which he failed to request before the district court. See United States v. Quesada, No. 91-50479, slip op. 9399, 9405 (9th Cir. August 5, 1992) (defendant waives argument for downward departure where he fails to raise it before the district court). This court cannot simply decrease defendant's sentence the requested amount for immigration purposes, especially where there was no plain error and no Rule 11 violation below.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 But even on the merits, defendant's arguments fail. First, it is well established that hearsay can be considered at sentencing. United States v. Fernandez-Vidana, 857 F.2d 673, 675 (9th Cir.1988). Only when the factual basis for believing the hearsay is "almost nil" can it be argued that hearsay evidence in a PSR should not have been considered. Id. Second, unless defendant demonstrated before the district court that information in the PSR was materially false or substantially unreliable, Judge Ware was entitled to rely on that information even though it was derived from investigative agents. See Jones v. United States, 783 F.2d 1477, 1480-81 (9th Cir.1986); United States v. Burns, 894 F.2d 334, 336-37 (9th Cir.1990). Defendant entirely failed to make the requisite showing
 
 
 [2]
 The record does not support a number of defendant's claimed deficiencies in the plea proceeding. First, defendant notes that he does not speak English and required an interpreter, but the record shows that defendant was properly provided an interpreter throughout the proceedings. Second, defendant claims that the district court failed to inquire about defendant's "educational or personal life factors" so as to gauge his understanding of the proceeding, but the record reveals that this information was properly in the PSR which the district court reviewed and adopted. Third, defendant inaccurately argues that he was not advised of the $50.00 mandatory assessment fee nor that he was waiving his right to subpoena witnesses at trial. The record reveals that he was so advised, either explicitly by the court or in the plea agreement which he reviewed with his lawyer and with the assistance of an interpreter. Finally, while it is true defendant was represented by a substitute lawyer at the time his plea was entered, this fact is immaterial to defendant's present claim since there is no indication that this representation affected the voluntariness or intelligence of his guilty plea