**UNITED STATES of America,**
**Appellee,**

v.

**Alfredo RODRIGUEZ, Defendant–**
**Appellant.**

**No. 06–1681–cr.**

United States Court of Appeals,
Second Circuit.

Jan. 28, 2008.

Stephan J. Baczynski (Assistant United States Attorney, of counsel, for Terrance P. Flynn, United States Attorney for the Western District of New York), Buffalo, NY, for Appellee.

Thomas Theophilos, Buffalo, NY, for Defendant–Appellant.

Present: Hon. JON O. NEWMAN, Hon. RALPH K. WINTER, Hon. ROBERT A. KATZMANN, Circuit Judges.

**AMENDED SUMMARY ORDER**

Alfredo Rodriguez appeals from a judgment of conviction entered March 30, 2006 principally ordering him to pay restitution in the amount of $160,474.00. We assume the parties' familiarity with the facts and the procedural history of the case. We review an award of restitution "deferentially, and ... will reverse only for abuse of discretion." *United States v. Boccagna,* 450 F.3d 107, 113 (2d Cir.2006) (internal quotation marks and citations omitted). We will find an abuse of discretion where there is an error of law, a clearly erroneous finding of fact, or we determine that the amount of restitution awarded is outside of the range of permissible decisions. *Id.*

■ Rodriguez pled guilty to a single count of filing a false tax return, 18 U.S.C. § 287, pursuant to a plea agreement. On appeal, he argues that the district court erred when it awarded restitution based on conduct underlying fifty-three related counts of filing false claims that were dismissed as part of his plea agreement. While Rodriguez is correct to contend that under *Hughey v. United States,* 495 U.S. 411, 110 S.Ct. 1979, 109 L.Ed.2d 408 (1990), "the loss caused by the conduct underlying the offense of conviction establishes the outer limits of a restitution order," *id.* at 420, 110 S.Ct. 1979; *United States v. Oladimeji,* 463 F.3d 152, 158 (2d Cir.2006), here we read the plea colloquy to mean that as part of the plea agreement, Rodriguez consented to having the Government seek restitution on conduct related to all the counts in the indictment. *See* 18 U.S.C. § 3663A(a)(3). The district court did not abuse its discretion by taking into account conduct related to the dismissed counts when calculating the amount of restitution.

■ Rodriguez also argues that the district court erred by calculating the restitution amount based on the entire amount of the fraudulently inflated tax returns that Rodriguez submitted to the Internal Revenue Service (IRS). The presentence report (PSR) makes clear, and the parties do not dispute, that after receiving refunds from tax returns fraudulently filed under his clients' names, Rodriguez would pay to his clients "lesser amounts than the Treasury had paid out for each claim .... thereby leading his clients to believe that they had received their tax refunds." As he did at sentencing, Rodriguez contends on appeal that the restitution award should be reduced by the amount that he returned to his clients.

The district court rejected this argument at sentencing and imposed restitution equal to the entire amount of the fraudulent claims based on a finding that the IRS "unfiled the returns, because they were never filed because the individuals never filed the tax returns for the tax figures in which [Rodriguez] prepared and submitted the claims." In reaching this conclusion, however, the district court seems to have relied entirely on a statement in the PSR that "should [Rodriguez's clients] file a proper tax return they would be issued a refund by the IRS, if they were entitled to a refund." There is no indication in the record whether any of Rodriguez's clients have subsequently filed tax returns for the tax years at issue, 2000 and 2001, and if refunds were issued for those returns. Absent such findings, we cannot determine whether the district court's decision to award restitution on the entire amount of the fraud constituted an abuse of discretion. In fact, the Government conceded at oral argument that resolution of this issue would benefit from further factual development.

We therefore vacate the district court's restitution order and remand for a factual hearing to determine whether the amount of restitution should be reduced based on all or at least part of the amounts that Rodriguez returned to his clients. The restitution amount must not provide the IRS with a double recovery from both Rodriguez and his taxpayer clients. The district court may wish to consider whether Rodriguez's clients have subsequently filed for a refund for the tax years in question and, if they have not, whether they can still file for a refund at this late date. If the district court decides to reduce the award of restitution on remand, it may also reconsider its decision not to impose a fine, a decision that the district court explicitly linked to the size of the restitution award. *See United States v. Young,* 932 F.2d 1035, 1038 (2d Cir.1991).

For the foregoing reasons we **AFFIRM** the judgment of conviction but **VACATE** the restitution order and **REMAND** for further proceedings consistent with this order.