United States v. Lancia

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of May, two thousand fifteen.

PRESENT:
> JOHN M. WALKER, JR.,
> GERARD E. LYNCH,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

———————————————————————

UNITED STATES OF AMERICA,

> *Appellee-Cross-Appellant*,

v.                                                                          12-2093

DAVID KINNEY, MICHAEL RUSSO, MELISSA VALENTIN, MICHAEL HODGES, JANE SOULLIERE, MARIA LOGAN, STACEY PETRO,

> *Defendants*,

MAURIZIO LANCIA,

> *Defendant-Cross-Appellee*,

YUNIO GONZALEZ, ANGEL URENA,

> *Defendants-Appellants.*

———————————————————————

FOR CROSS-APPELLANT:    MICHAEL McGARRY, Assistant United States Attorney (Sandra S. Glover and David T. Huang, Assistant United States Attorneys, *on the brief*), *for* Deirdre M. Daly, United States Attorney, District of Connecticut, New Haven, Connecticut.

FOR CROSS-APPELLEE:    BRUCE R. BRYAN, Syracuse, New York.

Appeal from a judgment of the United States District Court for the District of Connecticut (Alfred V. Covello, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and **REMANDED** for further proceedings.

Defendant-cross-appellee Maurizio Lancia was indicted on multiple charges of conspiracy, mail fraud, and wire fraud based on his alleged participation in a broad-ranging mortgage fraud scheme between 2004 and 2007. After Lancia pleaded guilty to one count of wire fraud in violation of 18 U.S.C. § 1343, which charged him with executing the fraudulent scheme by inducing a wire transfer related to one particular fraudulent mortgage application, the district court ordered Lancia to pay restitution for only the loss arising from that single transaction. The government appeals from that order, arguing that the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A(a)(1)-(2), required the district court to impose restitution for any losses arising from all conduct in which Lancia was involved in the course of the same scheme. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As a preliminary matter, Lancia contends that the government may not challenge the district court's restitution award both because the government waived its right to appeal the

2

restitution amount and because it stipulated that Lancia's criminal liability would be limited to the single count to which he pleaded guilty. We find neither argument persuasive.

First, Lancia argues that the waiver provision in his plea agreement, which limits "any challenge to the Defendant's sentence that is not foreclosed by this provision . . . to that portion of the sentencing calculation that is inconsistent with (or not addressed by) this waiver," Supp. App'x at 71, restricts the government to challenging only the district court's calculation of Lancia's guidelines range. Lancia insists that, because other sections of the plea agreement consistently use the term "calculation" to discuss Lancia's guidelines range rather than his restitution payments, the phrase "sentencing calculation" implicitly refers only to his term of imprisonment. However, our case law makes clear that restitution under the MVRA is itself "part of [the defendant's] sentence." United States v. Ekanem, 383 F.3d 40, 42 (2d Cir. 2004); see also United States v. Khan, 869 F.2d 661, 662 (2d Cir. 1989). The waiver provision in Lancia's plea agreement reiterates that same principle, prohibiting Lancia from appealing any "sentence [that] does not exceed 30 months, a three year term of supervised release, . . . an order of forfeiture, and an order of restitution." Supp. App'x at 71. In the context of that broader language, the plea agreement does not waive the government's right to challenge the district court's restitution calculation.

Second, Lancia argues that the government stipulated that his restitution liability would be limited to the single property referenced in his count of conviction, pointing to the portions of the plea agreement that provide that Lancia's guilty plea to one count of wire fraud will "satisfy [his] federal criminal liability" for all criminal conduct charged in the underlying indictment, Supp. App'x at 73, and that Lancia "agrees to make restitution in an amount equal to the amount of the loss resulting from the offense *of conviction*," id. at 67 (emphasis added). Lancia is

3

correct that the plea agreement limits his restitution liability to losses caused by the offense of conviction. However, the government's argument on appeal is that, under the terms of the MVRA, restitution for Lancia's single count of wire fraud encompasses all losses arising from his criminal conduct in the course of the fraudulent scheme charged in that count. The government's stipulation that Lancia's criminal liability would be limited to his count of conviction does not preclude that argument. In fact, Lancia acknowledged in his guilty plea that he "underst[ood] that pursuant to 18 U.S.C. § 3663A restitution is payable to all victims of his criminal conduct . . . and not merely to those victims arising from the conduct underlying the count of conviction to which he agree[d] to plead guilty." Supp. App'x at 67.

As to the merits of the government's challenge, the MVRA explicitly defines a victim entitled to restitution as

> a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered including, *in the case of an offense that involves as an element a scheme*, conspiracy, or pattern of criminal activity, *any person directly harmed by the defendant's criminal conduct in the course of the scheme*, conspiracy, or pattern.

18 U.S.C. § 3663A(a)(2) (emphases added).

As we have recognized, that language makes a defendant convicted of an offense involving a criminal "scheme" liable for restitution to all persons harmed by his actions pursuant to that scheme, even if those actions were not specifically described in the count of conviction or even in the initial indictment. See United States v. Oladimeji, 463 F.3d 152, 158-59 (2d Cir. 2006); accord, United States v. Wright, 496 F.3d 371, 381-82 (5th Cir. 2007); United States v. Dickerson, 370 F.3d 1330, 1341-42 (11th Cir. 2004); United States v. Hensley, 91 F.3d 274, 276-77 (1st Cir. 1996); United States v. Henoud, 81 F.3d 484, 488 (4th Cir. 1996); United States

4

v. Kones, 77 F.3d 66, 69-70 (3d Cir. 1996).[1]  While it is well established that "the loss caused by the conduct underlying the offense of conviction establishes the outer limits of a restitution order," Hughey v. United States, 495 U.S. 411, 420 (1990), § 3663A(a)(2) of the MVRA clarifies that, where a "scheme" is alleged as part of the defendant's offense, all actions undertaken by the defendant pursuant to the scheme are part of the "offense of conviction" for the purposes of restitution.

In this case, there is no dispute that wire fraud, the offense to which Lancia pleaded guilty, includes the statutory element of a "scheme . . . to defraud."  18 U.S.C. § 1343.  And the count to which Lancia pleaded incorporated by reference paragraphs 28 through 47 of the indictment, which described a scheme to defraud extending beyond the transaction related to the specific wire transmission identified in the count.  The plain language of the MVRA thus required the district court to order restitution for all losses caused by Lancia's criminal conduct pursuant to that scheme, including all eight fraudulent mortgage applications in which Lancia was personally involved.

At the sentencing hearing, indeed, the district court itself endorsed this interpretation of the MVRA, and the government's corresponding demand for restitution, as a "legally correct statement."  Gov't App'x at 356.  Given that acknowledgment, it is unclear why the district court ordered Lancia to pay restitution solely for losses arising from the single mortgage application identified in his count of conviction.  If, despite its acknowledgment to the contrary, the district

---

[1] While some of our sister Circuits' decisions technically analyzed orders of restitution under the Victims and Witness Protection Act ("VWPA"), 18 U.S.C. § 3663, rather than under the MVRA, those two statutes provide identical definitions of a "victim" entitled to restitution. Compare id. § 3663(a)(2) with id. § 3663A(a)(2).  We have recognized that prior interpretations of language used in one statute govern future interpretations of parallel provisions in the other. United States v. Cuti, 778 F.3d 83, 94 (2d Cir. 2015).

court believed that Lancia's liability for restitution under the MVRA was limited to the loss caused by the transaction related to the particular wire transmission referenced in the count, its restitution calculation was erroneous as a matter of law.

Lancia claims, however, that the district court's restitution order reflects a deliberate exercise of the court's discretion to apportion restitution among multiple co-defendants. Under 18 U.S.C. § 3664(h), where a district court ordering restitution under the MVRA "finds that more than 1 defendant has contributed to the loss of a victim, the court may . . . apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant." 18 U.S.C. § 3664(h). Drawing on this provision, Lancia argues that the district court chose to limit his personal liability to a single fraudulent application in light of what he alleges was his relatively small role in the fraudulent scheme. Even assuming that such an apportionment would be within the district court's discretion, however, nothing in the record suggests that the district court intended to divide restitution among Lancia and his co-defendants. While we have not required district courts to "explicitly recite" the reasoning behind their restitution orders under § 3664, United States v. Nucci, 364 F.3d 419, 421 (2d Cir. 2004), the absence of any discussion of § 3664(h) during Lancia's sentencing hearings precludes us from inferring that the district court's limited restitution order in this case reflects a decision to apportion payments.

Alternatively, Lancia suggests that the district court may have declined to impose restitution for any losses arising out of the other fraudulent applications because the government failed to produce sufficient evidence at the sentencing hearing to establish the amount of any such losses. Lancia argues that, although the government produced an exhibit listing the respective property values and loan amounts associated with each fraudulent application, it

6

offered no admissible evidence documenting the actual financial losses suffered by the mortgagees. Yet while the district court did express some doubt about the admissibility of the government's evidence, any evidentiary deficiency applied as much to the loss calculation for the transaction on which restitution was ordered as to the seven additional applications excluded from the district court's calculation. The district court's potential evidentiary concerns about the government's proof of loss thus cannot explain its limited restitution order.

Accordingly, we **VACATE** the judgment of the district court and **REMAND** the case to allow the district court to explain its restitution calculation or to impose a new restitution order consistent with the discussion above. The district court retains discretion on remand to take additional evidence or to refer the case for further fact-finding, as may be helpful to its determination. See United States v. Zangari, 677 F.3d 86, 93 (2d Cir. 2012); 18 U.S.C. § 3664(d).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7