UNITED STATES of America, Appellee,

v.

Lee SELLERS, Defendant–Appellant.

No. 99, Docket 94–1069.

United States Court of Appeals,
Second Circuit.

Argued Oct. 7, 1994.

Decided Dec. 6, 1994.

Marjorie M. Smith, New York City Legal Aid Soc., Federal Defender Div., Appeals Bureau, for defendant-appellant.

Donald E. Clark, New York City Asst. U.S. Atty., S.D.N.Y. (Mary Jo White, U.S. Atty., S.D.N.Y. and Alexandra Rebay, Asst. U.S. Atty., of counsel), for appellee.

Before: FEINBERG, PIERCE and MAHONEY, Circuit Judges.

FEINBERG, Circuit Judge:

Lee Sellers appeals from a January 1994 judgment of conviction, after a guilty plea, of unauthorized use of a credit card in violation of 18 U.S.C. § 1029(a)(2), entered in the United States District Court for the Southern District of New York, Allen G. Schwartz, J. Appellant was sentenced to two months of incarceration, followed by two years of supervision, and was required to make restitution of $2,435 and pay a special assessment of $50. In addition, Sellers was fined $7,800 based upon the costs of imprisonment and

supervision pursuant to U.S.S.G. § 5E1.2(i). The sentence did not include any fine based upon Sellers' offense level pursuant to U.S.S.G. § 5E1.2(c). The issue on appeal is whether the district court had the power to impose a fine under subsection (i) of § 5E1.2 without imposing a fine under subsection (c). (For convenience, the text of § 5E1.2 is reproduced in full in Appendix A.) For reasons set forth below, we hold that the judge did have such power, and we affirm.

## I. Background

In November 1993, pursuant to a plea agreement, Sellers pled guilty to using a falsely altered credit card to purchase $2,435 in merchandise from a clothing store in Manhattan. During the plea proceeding, Sellers explicitly acknowledged his understanding that as a result of pleading guilty to violating 18 U.S.C. § 1029(a)(2) he might be fined as much as $250,000.

Despite the Probation Officer's efforts to compile information concerning Sellers, she was not able to verify key statements regarding his income, employment history and educational background. The presentence report (PSR) noted numerous inconsistencies between appellant's representations to the Probation Officer and information collected by Pretrial Services, stating, "It has been almost impossible to unravel fact from fiction in this case." It is undisputed, however, that although Sellers was unemployed at the time of sentencing, he had earned significant income in the past. He maintained throughout the proceedings that his educational background included business training, and he made other representations indicating that he had significant financial resources.

The Probation Officer calculated that appellant's offense level (8) and criminal history category (I) yielded a possible fine of $1,000 to $10,000 pursuant to U.S.S.G. § 5E1.2(a) & (c) and a sentencing range of 0–6 months. The PSR recommended a three-year probationary sentence and stated that "upon verification of employment, the defendant shall pay·[a $1,000] fine in addition to $2,435.57 in restitution, based upon a payment schedule...." The PSR, in an earlier section that summarized the sentencing options, had pointed out that if the defendant is able to pay, "the court shall impose an additional fine amount that is at least sufficient to pay the costs to the Government of any imprisonment, probation, or supervised release pursuant to U.S.S.G. 5E1.2(i)." The PSR then listed recent statistics regarding the monthly costs of imprisonment, supervision and community confinement.

During the sentencing hearing, the district court carefully considered the PSR, questioned appellant regarding inconsistencies and offered appellant, through his counsel, the opportunity to clarify or object to the report. Counsel raised several objections to the PSR, but did not object to the recommendation that a fine be imposed.

Judge Schwartz adopted the PSR's recommendations regarding offense level and criminal history category. The judge also followed the PSR's recommendation of restitution. He declined, however, to follow the PSR's recommendation of probation. Instead, he sentenced Sellers to two months imprisonment, noting the seriousness of the offense and appellant's "inclination to be involved in conduct which is not truthful, not forthcoming and that demonstrates a lack of recognition of the seriousness of this kind of behavior." He also imposed a larger fine than the PSR recommended, directing

> that the defendant be fined an amount to cover two months in custody, which is 3,468, and that he be subject to two years of supervision at a cost of 4341, and the total of those two numbers as defined is 7,709, which I am going to round out to $7,800.

The district court did not impose any fine based on Sellers' offense level pursuant to § 5E1.2(c). Nor did the judge make any explicit findings with respect to Sellers' ability to pay. ·

This appeal followed.

## II. Discussion

The focus of the appeal is the fine of $7,800 that the district court imposed under § 5E1.2(i) based upon the cost of imprisonment and supervision. See Appendix A. For convenience, we shall refer to that por-

tion of the sentence as a cost of imprisonment fine.

Appellant argues that the Sentencing Guidelines do not permit a district judge to impose a cost of imprisonment fine under § 5E1.2(i) if the judge did not first impose a fine linked to offense level pursuant to § 5E1.2(c). In addition, appellant's brief originally urged us to follow the Third Circuit and hold that the Sentencing Commission lacked authority under the Sentencing Reform Act to promulgate § 5E1.2(i). See *United States v. Spiropoulos,* 976 F.2d 155, 164–69 (3d Cir.1992). At oral argument, however, appellant acknowledged that this court's intervening decisions in *United States v. Leonard,* 37 F.3d 32, 39–40 (2d Cir.1994) and *United States v. Orena,* 32 F.3d 704, 716–17 (2d Cir.1994), which upheld the validity of § 5E1.2(i), effectively preclude that ground of appeal. See also *United States v. Turner,* 998 F.2d 534, 536–37 (7th Cir.), cert. denied, —— U.S. ——, 114 S.Ct. 639, 126 L.Ed.2d 598 (1993); *United States v. Hagmann,* 950 F.2d 175, 186–87 (5th Cir.1991), cert. denied, —— U.S. ——, 113 S.Ct. 108, 121 L.Ed.2d 66 reh'g denied, 113 S.Ct. 485 (1992); *United States v. Doyan,* 909 F.2d 412, 415–16 (10th Cir.1990). Therefore, we consider only the issue of the interaction between subsections (c) and (i) of § 5E1.2.

■ We review the district court's legal interpretation of the Sentencing Guidelines de novo. *United States v. Hudson,* 972 F.2d 504, 506 (2d Cir.1992). We review factual determinations under the clearly erroneous standard. *United States v. Echevarria,* 33 F.3d 175, 178 (2d Cir.1994).

A. Waiver

■ We note as a threshold matter that Sellers did not object to the fine in the district court. The government argues that he has therefore waived the issue on appeal. Appellant plausibly argues that until the judge actually imposed sentence, appellant could not reasonably have expected a cost of imprisonment fine under subsection (i) in the absence of what appellant calls a punitive fine under subsection (c). In response, the government points out that appellant had seven days after imposition of sentence to inform the court of its alleged error. Fed. R.Crim.P. 35(c). Although we agree that appellant should have raised objections during or shortly after the sentencing hearing, the issue on appeal is the subject of a circuit split and has not yet been addressed by this court. Also, the issue is important and is likely to recur. Under the circumstances, we believe that this is one of the rare instances where sound judicial administration suggests that we rule on the merits even though the issue was not raised in the district court. See, e.g., *United States v. Hudson,* 972 F.2d 504, 506 (2d Cir.1992); *United States v. Paccione,* 949 F.2d 1183, 1203 (2d Cir.1991), cert. denied, —— U.S. ——, 112 S.Ct. 3029, 120 L.Ed.2d 900 (1992).

B. U.S.S.G. § 5E1.2.

As Appendix A shows, U.S.S.G. § 5E1.2 is a detailed portion of the Guidelines dealing specifically with "Fines for Individual Defendants." Under subsection (a), the court "shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." According to subsection (b), the fine should generally be within the range specified in the subsection (c) fine table, except that the amount may vary in accordance with subsections (f) and (i). Subsection (c) lists fine range amounts according to offense level. Sellers' offense level of 8 yields a range of $1,000 to $10,000. Subsection (d) lists the factors that the court is required to consider "[i]n determining the amount of the fine." These include "the need for the combined sentence to reflect the seriousness of the offense . . ." § 5E1.2(d)(1). Subsection (e) provides that "the amount of the fine should always be sufficient to ensure that the fine, taken together with other sanctions imposed, is punitive." Under subsection (f), the fine may be lowered or waived if the "defendant establishes that (1) he is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay all or part of the fine required by the preceding provisions, or (2) imposition of a fine would unduly burden the defendant's dependents. . . ." Subsection (g) permits the court to "establish an installment schedule for payment of the fine" in some circumstances. Finally, subsection (i) states, "Notwithstanding of the provisions of subsection (c) of this

section, but subject to the provisions of subsection (f) herein, the court shall impose an additional fine amount that is at least sufficient to pay the costs to the government of any imprisonment, probation, or supervised release ordered." Pursuant to 42 U.S.C. § 10601(a) & (b)(1), all the money is deposited in the Crime Victims Fund.

Several circuits have held that a district court may not impose a fine amount based upon cost of imprisonment unless the court also imposes a fine derived from the table in subsection (c). See *United States v. Norman*, 3 F.3d 368, 370 (11th Cir.1993), cert. denied, — U.S. —, 114 S.Ct. 1102, 127 L.Ed.2d 414 (1994); *United States v. Fair*, 979 F.2d 1037, 1042 (5th Cir.1992); *United States v. Corral*, 964 F.2d 83, 84 (1st Cir. 1992); *United States v. Labat*, 915 F.2d 603, 606–07 (10th Cir.1990). These cases have regarded § 5E1.2 as authorizing two distinct fines, one "punitive" pursuant to subsections (a) and (c), and a second independent fine based upon cost of "imprisonment, probation, or supervised release" under subsection (i). These cases have also relied heavily on use of the word "additional" to characterize the cost of imprisonment fine in subsection (i), reasoning that a fine cannot be "additional" if an initial fine derived from the subsection (c) table has not already been imposed. See, e.g., *Labat*, 915 F.2d at 607.

Other circuits have held that unless the defendant has established an inability to pay, the court is not precluded from imposing a fine measured by costs of incarceration alone. *United States v. Favorito*, 5 F.3d 1338, 1340 (9th Cir.1993), cert. denied, — U.S. —, 114 S.Ct. 1374, 128 L.Ed.2d 50 (1994); *Turner*, 998 F.2d at 537–38. In *Turner*, for example, the Seventh Circuit dismissed the reasoning of *Labat*, noting that although the fine amount imposed under subsection (i) is "additional," it does not follow that a positive base amount (something more than zero), must be imposed first under subsection (c). On this view, the word "additional" simply requires the judge to add two numbers together, and "zero is a number." Id. at 538. The *Turner* court went on to state that "a rule under which imposing a fine of $1 from the table [in subsection (c)] *compels* the court to add a fine measured by the costs of incarceration, while imposing a fine of $0

from the table *forbids* the court to add a fine measured by the costs of incarceration" would be "folly." *Id.* In *Turner*, the Seventh Circuit ultimately remanded, because the district judge had imposed a cost of imprisonment fine despite finding that the defendant was indigent. Cf. *Corral*, 964 F.2d at 84. In *Favorito*, the Ninth Circuit adopted the reasoning of *Turner* and upheld a fine measured by cost of imprisonment in the absence of a fine imposed under subsection (c). *Favorito*, 5 F.3d at 1340.

█ Like the Seventh and Ninth Circuits, we hold that § 5E1.2 does not require the district court to impose a fine under § 5E1.2(c) before it can impose a fine measured by the cost of imprisonment under § 5E1.2(i). We read the word "additional" in subsection (i) as an expression of the Sentencing Commission's intention that a defendant's total fine, including the cost of imprisonment, may exceed the relevant fine range listed in subsection (c). Thus, putting aside the question of ability to pay, Judge Schwartz could have fined Sellers as much as $17,800 ($10,000 from the top of the subsection (c) range plus the $7,800 from subsection (i)), without departing from the Guideline range.

Section 5E1.2, as a whole, covers fines for individual defendants, as the title to the section indicates. In considering the issue before us, the total fine is the significant figure. *United States v. Carter*, 978 F.2d 817, 818–19 (2d Cir.1992); *United States v. Lombardi*, 5 F.3d 568, 572 n. 4 (1st Cir.1993). If the defendant is not able to pay the entire fine amount that the court would otherwise impose pursuant to subsections (c) and (i), the district court may exercise its sound discretion in determining which of the two subsections (or which combination of them) to rely upon in pursuing the goals of sentencing. As noted above, the fine money goes into the Crime Victims Fund regardless of which subsection the district court selects. 42 U.S.C. § 10601(a) & (b)(1); *Spiropoulos*, 976 F.2d at 164. Therefore, no governmental purpose was frustrated by the judge's allocation and the district court did not err in relying on subsection (i) in imposing Sellers' fine.

Sellers argues that there is an apparent inconsistency in imposing a fine amount under one subsection of the Guidelines but not

under the other when both are mandatory unless the defendant establishes indigence. In particular, Sellers argues that if the district court refrained from imposing a fine based on the subsection (c) offense level table, it must have found implicitly that Sellers was unable to pay. Such a finding would necessarily preclude the court from designating a fine amount under subsection (i).

We do not agree that this is the only plausible interpretation of the district court's action. Guideline § 5E1.2 does not require the court to proceed alphabetically through the subsections in calculating the fine. The court could have first determined that the defendant was able to pay $7,800 to cover a cost of imprisonment fine, but no more. In fact, the judge could not have imposed a fine under subsection (i) if Sellers had established an inability to pay pursuant to subsection (f). It would be overly formalistic to require the district court first to impose a punitive amount, however nominal, under subsection (c) or to engage in a superficial relabelling process by designating a portion of the $7,800 as attributable to subsection (c).

We believe that this answers appellant's argument that the district court was inconsistent in finding him able to pay a fine under subsection (i) but not able to pay a fine under subsection (c). We are somewhat more troubled by the lack of explicit findings on Sellers' ability to pay. Explicit findings, however, are not required by law. All that is required is that the district court "consider," among other things, the defendant's ability to pay. 18 U.S.C. § 3572(a); *United States v. Puello,* 21 F.3d 7, 11 (2d Cir.1994); *United States v. Marquez,* 941 F.2d 60, 65 (2d Cir. 1991).

Under § 5E1.2(a) & (f), Sellers had the burden to establish his own indigence. At no time did he challenge the PSR's recommendation that a fine be imposed. He did not contend that he was financially unable to pay, or that he would be unable to pay a fine in the future. To the contrary, both the PSR and the sentencing hearing transcript show that Sellers made an effort to establish his financial stability and educational achievements. The district court sought reliable information concerning Sellers' financial status and could have believed Sellers' own testimony that he had earned significant income

in the past. The court may have inferred from Sellers' proffered employment history and educational background that he had the capacity to earn sufficient future income to pay the fine in accordance with an installment schedule determined by the Probation Department. Because the sentencing judge made diligent efforts to develop an accurate picture of Sellers' finances, we cannot say that he failed to consider his ability to pay. The implicit finding that appellant would be able to pay a $7,800 fine was not clearly erroneous.

Judgment affirmed.

### APPENDIX A

§ 5E1.2 Fines for Individual Defendants

(a) The court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine.

(b) Except as provided in subsections (f) and (i) below, or otherwise required by statute, the fine imposed shall be within the range specified in subsection (c) below. If, however, the guideline for the offense in Chapter Two provides a specific rule for imposing a fine, that rule takes precedence over subsection (c) of this section.

(c) (1) The minimum of the fine range is the amount shown in column A of the table below.

(2) Except as specified in (4) below, the maximum of the fine range is the amount shown in column B of the table below.

(3)

| Offense Level | Fine Table A Minimum | B Maximum |
|---|---|---|
| 3 and below | $ 100 | $ 5,000 |
| 4–5 | $ 250 | $ 5,000 |
| 6–7 | $ 500 | $ 5,000 |
| 8–9 | $ 1,000 | $ 10,000 |
| 10–11 | $ 2,000 | $ 20,000 |
| 12–13 | $ 3,000 | $ 30,000 |
| 14–15 | $ 4,000 | $ 40,000 |
| 16–17 | $ 5,000 | $ 50,000 |
| 18–19 | $ 6,000 | $ 60,000 |
| 20–22 | $ 7,500 | $ 75,000 |
| 23–25 | $10,000 | $100,000 |
| 26–28 | $12,500 | $125,000 |
| 29–31 | $15,000 | $150,000 |
| 32–34 | $17,500 | $175,000 |
| 35–37 | $20,000 | $200,000 |
| 38 and above | $25,000 | $250,000. |

(4) Subsection (c)(2), limiting the maximum fine, does not apply if the defendant is convicted under a statute authorizing (A) a maximum fine greater than $250,000, or (B) a fine for each day of violation. In such cases, the court may impose a fine up to the maximum authorized by the statute.

(d) In determining the amount of the fine, the court shall consider:

(1) the need for the combined sentence to reflect the seriousness of the offense (including the harm or loss to the victim and the gain to the defendant), to promote respect for the law, to provide just punishment and to afford adequate deterrence;

(2) any evidence presented as to the defendant's ability to pay the fine (including the ability to pay over a period of time) in light of his earning capacity and financial resources;

(3) the burden that the fine places on the defendant and his dependents relative to alternative punishments;

(4) any restitution or reparation that the defendant has made or is obligated to make;

(5) any collateral consequences of conviction, including civil obligations arising from the defendant's conduct;

(6) whether the defendant previously has been fined for a similar offense; and

(7) any other pertinent equitable considerations.

(e) The amount of the fine should always be sufficient to ensure that the fine, taken together with other sanctions imposed, is punitive.

(f) If the defendant establishes that (1) he is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay all or part of the fine required by the preceding provisions, or (2) imposition of a fine would unduly burden the defendant's dependents, the court may impose a lesser fine or waive the fine. In these circumstances, the court shall consider alternative sanctions in lieu of all or a portion of the fine, and must still impose a total combined sanction that is punitive. Although any additional sanction not proscribed by the guidelines is permissible, community service is the generally preferable alternative in such instances.

(g) If the defendant establishes that payment of the fine in a lump sum would have an unduly severe impact on him or his dependents, the court should establish an installment schedule for payment of the fine. The length of the installment schedule generally should not exceed twelve months, and shall not exceed the maximum term of probation authorized for the offense. The defendant should be required to pay a substantial installment at the time of sentencing. If the court authorizes a defendant sentenced to probation or supervised release to pay a fine on an installment schedule, the court shall require as a condition of probation or supervised release that the defendant pay the fine according to the schedule. The court also may impose a condition prohibiting the defendant from incurring new credit charges or opening additional lines of credit unless he is in compliance with the payment schedule.

(h) If the defendant knowingly fails to pay a delinquent fine, the court shall resentence him in accordance with 18 U.S.C. § 3614.

(i) Notwithstanding of the provisions of subsection (c) of this section, but subject to the provisions of subsection (f) herein, the court shall impose an additional fine amount that is at least sufficient to pay the costs to the government of any imprisonment, probation, or supervised release ordered.