59 F.3d 168
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Orlando Christopher TATUM, Defendant-Appellant.
 No. 94-5935.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 31, 1995.
Decided June 27, 1995.
 
 Thomas N. Cochran, Assistant Federal Public Defender, Greensboro, NC, for appellant. Walter C. Holton, Jr., United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Coleman Cowan, Third Year Law Student, Greensboro, NC, for appellee.
 M.D.N.C.
 AFFIRMED.
 Before HAMILTON, LUTTIG, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Orlando Christopher Tatum entered a guilty plea to one count of possession of a firearm by a convicted felon, 18 U.S.C.A. Sec. 922(g)(1) (West Supp.1995). After Tatum appealed his original sentence, the parties filed, and we granted, a joint motion to remand for resentencing. At resentencing, the district court sentenced Tatum to forty-four months in prison, a $6000 fine, supervised release of three years, and a $50 special assessment. He now appeals this sentence, raising two claims. We affirm.
 
 
 2
 * Tatum received a $6000 fine. Before imposing a fine, a sentencing court must consider and make findings on the factors listed in 18 U.S.C.A. Sec. 3572(a) (West Supp.1995) concerning a defendant's ability to pay a fine. United States v. Arnoldt, 947 F.2d 1120, 1127 (4th Cir.1991), cert. denied, 60 U.S.L.W. 3716 (U.S.1992). Tatum complains that the district court violated Sec. 3572(a) by failing to make specific findings as to his lack of income, his meager future earning capacity, his lack of financial resources, and the impact of a fine on any dependents.
 
 
 3
 Our cases interpreting Sec. 3572(a) reflect that our paramount concern is that the record be complete enough to enable the appellate court to effectively review the imposition and amount of a fine. United States v. Castner, 50 F.3d 1267, 1277 (4th Cir.1995); United States v. Walker, 39 F.3d 489, 492 (4th Cir.1994). To ensure an adequate record, the district court need not address every factor identified in the statute; rather, only those applicable to the case at hand need be considered. Id.; see United States v. Morgano, 39 F.3d 1358, 1372 (7th Cir.1994).
 
 
 4
 Nor must the district court's findings be explicit: the statute requires only that the court consider relevant factors. United States v. Sellers, 42 F.3d 116, 120 (2d Cir.1994); United States v. Segler, 37 F.3d 1131, 1135-36 (5th Cir.1994). We have recently held that if a district court adopts a presentence investigation report (PSR), the requirements of Sec. 3572(a) may be satisfied if the PSR contains statutorily adequate factual findings. United States v. Castner, 50 F.3d at 1278; see also United States v. Morgano, 39 F.3d at 1372-73.
 
 
 5
 Because Tatum failed to object at resentencing to the imposition or amount of the fine, he has waived appellate review of the issue absent plain error. Fed.R.Crim.P. 52(b); United States v. Grubb, 11 F.3d 426, 440-41 (4th Cir.1993); see United States v. Olano, 113 S.Ct. 1770 (1993). We discern no such error in this case.
 
 
 6
 At sentencing, the district court specifically adopted Tatum's PSR, which recited that Tatum had completed the eighth grade and had worked for roughly four months as a dishwasher, making $5 per hour. Tatum's job performance was not good, and his employer would not hire Tatum again. The PSR stated that Tatum "is indigent and does not have the ability to pay a fine within the guideline range at the time of sentencing." The PSR did not state whether Tatum had any dependents.
 
 
 7
 Besides adopting as its own the findings in the PSR, the district court noted at resentencing that Tatum had no assets with which to pay a fine. The court stated that Tatum had a record of some employment at minimum wage. The court observed that Tatum was ablebodied and could perform paid work under the federal prison system's financial responsibility program (FRP). In accordance with its findings, the court imposed a $6000 fine, at the low end of Tatum's guideline range.
 
 
 8
 The record in this case is sufficient for us to review the imposition and amount of the fine imposed in this case, and we discern no plain error in the fine imposed. As reflected by its statement at resentencing and its adoption of the PSR, the district court clearly considered the relevant factors set forth in Sec. 3572(a) and made sufficient findings regarding Tatum's ability to pay a fine. We note in particular the recitation of Tatum's job history, earnings record, education, indigent status, and physical abilities, and the apparent absence of any dependents for whom Tatum was financially responsible. Further, the court found that Tatum would be able to participate in the FRP, with some of his earnings being applied to his fine. "The courts are presumed to have some passing familiarity with the conditions of confinement at a federal prison, including how much prisoners get paid." United States v. Taylor, 984 F.2d 618, 622 (4th Cir.1993). We conclude that neither the imposition of a fine nor the amount of that fine was error.
 
 II
 
 9
 Tatum also contends that the district court violated Fed.R.Crim.P. 32(b)(6)(A) by refusing to reveal the probation officer's sentence recommendation to the parties. The Rule provides:
 
 
 10
 [T]he probation officer must furnish the presentence report to the defendant, the defendant's counsel, and the attorney for the Government. The court may, by local rule or in individual cases, direct that the probation officer not disclose the probation officer's recommendation, if any, on the sentence.
 
 
 11
 In the subject case, the probation officer's recommendation was not revealed in accordance with Amended Standing Order 20 for the United States District Court for the Middle District of North Carolina. Amended Standing Order 20 requires disclosure of the presentence report, including sentencing guideline computations but excluding "any sentencing recommendation made by the probation officer."
 
 
 12
 Tatum contention is that nondisclosure in his case violated Rule 32 because a standing order is not the equivalent of a local rule of court. Among the alleged differences between the two is that district courts may implement local rules only "after giving appropriate public notice and an opportunity to comment." Fed.R.Crim.P. 57. By contrast, Tatum argues, the fundamental due process components of notice and an opportunity to be heard are not required when a court issues a standing order. We do not decide whether Amended Standing Order 20 is the functional equivalent of a local rule for purposes of Rule 32(b)(6)(A) because, even if it were not, any error in not disclosing the sentencing recommendation was harmless beyond a reasonable doubt.
 
 
 13
 The record reflects that Tatum knew in advance of his resentencing that his guideline range was between thirty-seven and forty-six months. He was sentenced to a prison term of forty-four months, within that range. Tatum had ample opportunity to raise, and did raise, objections to the calculation of his guideline range prior to and at resentencing. Thus, the facts are not, as he urges, on point with those in United States v. Burns, 501 U.S. 129 (1991). In Burns, the district court, on its own initiative and contrary to either party's expectation, departed upward from the defendant's guideline range. The Supreme Court held that such a departure is permissible only when the district court gives both parties reasonable notice that it contemplates a departure. Id. at 138. Because Tatum was sentenced within the guideline range, Burns is inapposite.
 
 III
 
 14
 We accordingly affirm Tatum's sentence. As our review of the record before us reveals that it would not significantly aid the decisional process, we dispense with oral argument.
 
 AFFIRMED