UNITED STATES of America,
Appellee,

v.

SUN GROWERS OF CALIFORNIA,
Appellant.

No. 99–3151.

United States Court of Appeals,
District of Columbia Circuit.

Argued April 10, 2000.

Decided May 23, 2000.

As Amended July 13, 2000.

Charles B. Klein argued the cause for appellant. With him on the briefs were Eric W. Bloom and Richard A. Hibey.

Joseph P. Guichet, Senior Associate Independent Counsel, argued the cause for appellee. With him on the brief was Donald C. Smaltz, Independent Counsel, and Charles M. Kagay, Chief Appellate Counsel. Wil Frentzen, Associate Independent Counsel, entered an appearance.

Before: EDWARDS, Chief Judge, HENDERSON and ROGERS, Circuit Judges.

Opinion for the Court filed by Circuit Judge ROGERS.

ROGERS, Circuit Judge:

Following the reversal of its conviction under 18 U.S.C. § 201(c)(1)(A), Sun Growers of California ("Sun–Diamond")[1] received a refund of the principal amount of the criminal fine that it had paid as part of its sentence, but its request for interest as of the date of payment was denied by the district court. Sun–Diamond contends that the district court erred by depositing the original fine in a non-interest bearing account, and, therefore, Sun–Diamond is entitled to recover constructive interest on the principal amount of the fine. The government responds that the criminal fine was required by statute to be deposited in the Crime Victims Fund, 42 U.S.C. § 10601(b)(1), a noninterest bearing account, and that, even if the district court erred in its deposit of the fine, Sun–Diamond's claim for interest is barred by sovereign immunity. Because Sun–Diamond's contention that its criminal fine was required to be deposited in an interest-bearing account is meritless, we do not reach the contention that it was entitled to recover constructive interest and, accordingly, we affirm the order denying the payment of interest.

1. Sun Growers of California was formerly known as Sun–Diamond Growers of California. Because the company's former name

## I.

Sun–Diamond's sentence upon conviction of one count of unlawful gratuities, two counts of wire fraud, and five counts of illegal campaign contributions included a fine of $1,500,000.00, a special assessment of $1,225.00, and probation for five years. At the sentencing hearing, Sun–Diamond requested that its sentence be stayed under Federal Rule Criminal Procedure 38(c) and (d) pending appeal, noting its cooperation with the Department of Agriculture, the distinction between an individual seeking bond pending appeal and an established corporation seeking to stay a fine, and the possibility of success on appeal. The government opposed a stay of the fine, viewing likelihood of success on appeal to be "negligible" and noting the absence of hardship because the corporation already had advised its shareholders in its 1996 Annual Report that money to pay the fine had been set aside. The district court denied the request to stay in part, ordering Sun–Diamond to "pay the fine within ten day[s], the full fine into the registry of the court." The written judgment provided that "[t]his fine shall be paid to Registry of the court within 10 days." Sun–Diamond paid the fine and special assessment, and the Clerk of the Court deposited this money in the Crime Victims Fund.

Thereafter, this court reversed Sun–Diamond's gratuity conviction, finding that the district court applied an erroneous standard for conviction, and vacated the original sentence, holding that the district court erred in departing from the Sentencing Guidelines in imposing the fine. See United States v. Sun–Diamond Growers, 138 F.3d 961, 964–69, 974–77 (D.C.Cir.1998). The Supreme Court affirmed the reversal of the gratuities conviction. See United States v. Sun–Diamond Growers, 526 U.S. 398, 405–11, 119 S.Ct. 1402, 143 L.Ed.2d 576 (1999). On remand, the district court

was used throughout the underlying litigation, we refer to appellant as Sun–Diamond.

vacated the original sentence and imposed a new sentence on the remaining counts of conviction, including a fine of $36,000.00 and a special assessment of $1,025.00. Sun–Diamond filed a motion for a refund of the difference between the two monetary sentences ($1,464,000.00 in fines and $200.00 for the special assessment), which, with interest, it calculated to be $1,666,610.49 in fines and $228.25 for the special assessment.

The district court ordered a refund of the difference in the principal amount of the fine ($1,464,000.00) and assessment ($200.00), but denied Sun–Diamond's request for interest. Rejecting Sun–Diamond's argument that Federal Rule of Criminal Procedure 38(c) and U.S. District Court Local Rule 67.1(b)(1) required the deposit of the original fine in an interest-bearing account, the district court ruled that the fine was correctly deposited in the Crime Victims Fund. Noting that sovereign immunity bars an award of interest by the United States, the district court found no waiver of immunity and rejected the civil-forfeiture analogy and the constructive trust argument underlying Sun–Diamond's claim for an award of constructive interest.

## II.

Sun–Diamond's contention that it is entitled to interest on the original fine[2] is twofold. It maintains first, that once the district court directed the criminal fine to be deposited to the Registry of the court, the fine was required to be deposited in an interest-bearing account pending appeal, and second, that because the district court erred in depositing the original fine into a non-interest bearing account, Sun–Diamond is entitled to recover "constructive interest" from the United States on the original fine as a result of its successful appeal. We hold that the district court did

not err in depositing the criminal fine in the Crime Victims Fund and thus do not reach Sun Diamond's constructive interest contention and the government's sovereign immunity defense.

In 1984, Congress enacted the Comprehensive Crime Control Act of 1984. *See* Comprehensive Crime Control Act of 1984, Pub.L. No. 98–473, tit. II, 98 Stat. 1976 (1984). Included as part of that omnibus legislation was the Victims of Crime Act of 1984 ("Act"), *see* Victims of Crime Act of 1984, Pub.L. No. 98–473, tit. II, ch. XIV, 98 Stat. 2170 (codified as amended at 42 U.S.C. §§ 10601–10604 and scattered sections of 18 U.S.C. (1994)), which established the Crime Victims Fund ("Fund"). *See* 42 U.S.C. § 10601(a) (1994). The Fund, without fiscal year limitation, was established as a special account in the United States Treasury, and was designed to finance payments to state and federal victim compensation and assistance programs. *See id.* §§ 10601–10603; *United States v. Munoz–Flores*, 495 U.S. 385, 398, 110 S.Ct. 1964, 109 L.Ed.2d 384 (1990). The Act included various mechanisms to provide money to the Fund and set a cap on the Fund, with any excess in any year to be deposited in the general fund of the United States Treasury. *See id.* § 10601.

The section of the Act establishing the Crime Victims Fund provides, with exceptions not applicable here, that "there *shall* be deposited in the Fund ... all fines that are collected from persons convicted of offenses against the United States." *Id.* § 10601(b)(1) (emphasis added). The provision does not make any exceptions for criminal fines that are being appealed. The Administrative Office for United States Courts has developed criminal debt policies that direct the district court to deposit all criminal fines into the Fund. *See.* Guide to Judiciary Policies and Procedures, Vol. I, ch. VII, pt. H, at 2.3.5 (Dec.

---

2. Sun–Diamond's request for interest involves both the criminal fine and the special assessment that it paid as part of the original sentence. For simplicity, we refer only to the criminal fine; Sun–Diamond does not contend that a special assessment is legally distinct from a criminal fine for the purposes of this appeal.

1999). Therefore, the deposit of the original fine into the Crime Victims Fund was not only authorized by law, but was also mandated by § 10601(b)(1).[3]

 Sun–Diamond's contention that this reading of the Victims of Crime Act conflicts with the district court's own order, Federal Rule of Criminal Procedure 38(c), D.C. District Court Local Rule 67.1(b)(1), and Federal Rule of Civil Procedure 67 is groundless. The district court's order that the criminal fine be paid to "the registry of the court" is consistent with the deposit of the fine, by way of the registry of the court, into the Crime Victims Fund.[4] The portion of Rule 38(c) that Sun–Diamond relies on, which provides that "[t]he court may require the defendant pending appeal to deposit … the fine … into the registry of the district court," does not apply because the district court denied Sun–Diamond's motion to stay execution of the fine.[5] Even if the Rule 38(c) procedure applies, depositing the fine "into the registry of the district court" is, again, consistent with the district court's deposit of the fine into the Crime Victims Fund. Finally, Local Rule 67.1 and Federal Rule of Civil Procedure 67 are inapplicable because they apply only to civil actions.[6] Because Sun–Diamond's claim for interest hinges upon its position that the district court erred in depositing the original fine in the Crime Victims Fund, our holding to the contrary is dispositive.

Accordingly, we affirm the order of the district court.

3. Such case law as has arisen regarding the Crime Victims Fund mainly involves Origination Clause challenges to the deposit of special assessments in the Fund, *see, e.g., United States v. Wilson*, 901 F.2d 1000, 1003 (11th Cir.1990); *United States v. Ashburn*, 884 F.2d 901, 903 (6th Cir.1989), and Due Process Clause and Sentencing Guidelines challenges to the imposition of assessments to be deposited in the Fund for the costs of incarceration. *See, e.g., United States v. Sellers*, 42 F.3d 116, 119 (2d Cir.1994); *United States v. Spiropoulos*, 976 F.2d 155, 166–67 (3d Cir.1992). Although addressing issues unrelated to Sun–Diamond's contentions, none of the cases cast doubt that § 10601 requires the deposit in the Crime Victims Fund of criminal fines paid to the district court by federal defendants. *See Sellers*, 42 F.3d at 119; *Spiropoulos*, 976 F.2d at 166–67. Hence, no court order was required to accomplish that result. *Cf.* 28 U.S.C. §§ 2041, 2042.

4. Sun–Diamond's understanding that the phrase "registry of the court" is synonymous with the Court Registry Investment System ("CRIS"), an interest bearing depository, is contrary to standard court practice to maintain a court registry that is separate and distinct from the CRIS. *See* D.C. Dist. Ct. Local Rule 67.1(b)(1); Guide to Judiciary Policies and Procedures, Vol. I, ch. VII, pt. I, at 1.2 (Dec.1999).

5. Sun–Diamond elected not to appeal, and it cannot now ask the court to overturn that ruling.

6. Federal Rule of Civil Procedure 67 provides in relevant part:

> In an action in which any part of the relief sought is a judgment for a sum of money …, a party … may deposit with the court all or any part of such sum or thing…. The fund shall be deposited in an interest-bearing instrument approved by the court.

Fed.R.Civ.P. 47. Local Rule 67.1 provides in relevant part:

> The following procedures shall govern deposits into the registry of the Court in all civil actions.
>
> …
>
> (b) Investment of Registry Funds
>
> (1) All funds deposited into the registry of the Court will be placed in some sort of interest bearing account. Unless otherwise ordered, the Court Registry Investment System (CRIS) … shall be the investment mechanism authorized.

D.C. Dist. Ct. Loc. Civ. R. 67.1.