15-953-cr
United States v. McAllister

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of March, two thousand sixteen.

PRESENT:  JOHN M. WALKER, JR.,
          REENA RAGGI,
          PETER W. HALL,
                    *Circuit Judges.*
----------------------------------------------------------------------
UNITED STATES OF AMERICA,
                    *Appellee*,


           v.                                      No. 15-953-cr

ROY MCALLISTER, II,
                    *Defendant-Appellant*,

JEFFREY DONNA, JESSE SOULE,
                    *Defendants.*
----------------------------------------------------------------------
APPEARING FOR APPELLANT:     PETER F. LANGROCK, Langrock Sperry &
                             Wool, LLP, Middlebury, Vermont.

APPEARING FOR APPELLEE:      HEATHER E. ROSS, Assistant United States
                             Attorney (Gregory L. Waples, Assistant United
                             States Attorney, *on the brief*), *for* Eric S. Miller,
                             United States Attorney for the District of
                             Vermont, Burlington, Vermont.

1

Appeal from a judgment of the United States District Court for the District of Vermont (Christina Reiss, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on March 19, 2015, is AFFIRMED.

Defendant Roy McAllister, II, stands convicted on his guilty plea to conspiracy to distribute at least 50 kilograms of marijuana, see 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846, and after a jury trial on two counts of tax fraud, see 26 U.S.C. § 7206(1). Sentenced to a total of 30 months' imprisonment, a $25,000 fine, and a $300 special assessment, McAllister challenges only the fine, arguing that the district court failed to make sufficient findings as to his ability to pay in light of the Presentence Report's ("PSR") recommendation to the contrary. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

At the outset, we reject McAllister's contention that his failure to object to the fine at sentencing is immaterial to his doing so for the first time on appeal. In such a circumstance, we will review the challenged fine only for plain error. See United States v. Pfaff, 619 F.3d 172, 174 (2d Cir. 2010); see also United States v. Marcus, 560 U.S. 258, 262 (2010) (stating that plain error requires showing of (1) error, (2) that is clear or obvious, (3) affecting substantial rights, and (4) calling into question fairness, integrity, or

2

public reputation of judicial proceedings).  McAllister's argument fails at the first step of analysis, as we identify no error in the district court's decision to impose a $25,000 fine.

The Sentencing Guidelines, which properly inform (without binding) a district court's sentencing determination, state that the district court "shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine."  U.S.S.G. § 5E1.2(a).  McAllister maintains that he made that showing through (1) his Net Worth and Monthly Cash Flow Statements to the Probation Department, which led to the PSR recommendation against a fine, and (2) the fact that he had appointed counsel.  "Although a presentence report's view that defendant has no funds to pay a fine is entitled to weight, and the fact that a defendant is represented by or has been found eligible for appointed counsel certainly strongly suggest an inability to pay a fine, neither is conclusive."  United States v. Fields, 113 F.3d 313, 325−26 (2d Cir. 1997) (internal citation omitted).

In imposing a $25,000 fine here, the district court observed that (1) McAllister's financial information, as reported to the Probation Department, lacked supporting documentation; (2) his crimes, involving the sale of 3,000 pounds of marijuana over a four-year period, were about "greed and profit"; and (3) trial evidence showed that McAllister had concealed significant income and assets.  See Sentencing Tr. at 34.  These circumstances permitted the court to conclude that the PSR did not accurately reflect McAllister's financial situation and, by extension, to reject its indigency conclusion.  See

United States v. Marquez, 941 F.2d 60, 66 (2d Cir. 1991) (recognizing that district court is "surely not required to accept uncritically a [financial] representation" made to Probation Department); see also United States v. Fields, 113 F.3d at 325 (explaining that while imposition of fine may not be based upon suspicion that defendant has sufficient funds to pay, "circumstantial evidence may be considered to decide what defendant earns or is capable of earning and what his financial resources are," and "[e]vidence of lucrative illegal activity may support an inference that such funds, although hidden, remain at the defendant's disposal").

Further, the record shows McAllister's future earning ability upon completion of his 30-month sentence. See United States v. Rivera, 971 F.2d 876, 895 (2d Cir. 1992) (recognizing that fine can be imposed on indigent defendant where there is "evidence in the record that he will have the earning capacity to pay the fine after release from prison"). At the same time the PSR itemized McAllister's various liabilities, it also reported that McAllister, who will be 41 years old upon release from prison, holds a GED, has the education and experience necessary to take the electrician licensing test or to work for a licensed electrician (earning as much as $4,000 per month), and has also worked for his brother's fuel business, for which he is registered as the Vice President. See PSR ¶¶ 94−96; United States v. Thompson, 227 F.3d 43, 45 (2d Cir. 2000) (holding that district court did not err in concluding that defendant with GED and history of employment could satisfy fine balance through post-release earnings); United States v. Sellers, 42 F.3d 116,

4

120 (2d Cir. 1994) (affirming imposition of $7,800 fine because district court "may have inferred from [defendant's] proffered employment history and educational background that he had the capacity to earn sufficient future income to pay the fine" on scheduled installments). In sum, the record here admits more than speculation that McAllister will have a future earning capacity sufficient to cover the fine. Cf. United States v. Wong, 40 F.3d 1347, 1383 (2d Cir. 1994) (holding that district court cannot impose fine on indigent defendant when future ability to pay is based merely on chance, such as winning lottery). Thus, the district court's imposition of the within-Guidelines fine was not error.

Insofar as McAllister further protests the sufficiency of the district court's findings or its explanation of reasons for imposing a within-Guidelines fine, see PSR ¶ 114, this court has held that a district court need not articulate such findings as long as the record indicates, as it does here, that the court "'consider[ed],' among other things, the defendant's ability to pay." United States v. Sellers, 42 F.3d at 120 (quoting 18 U.S.C. § 3572(a)); accord United States v. Glick, 142 F.3d 520, 529 (2d Cir. 1998). Further, when imposing a within-Guidelines fine, the district court has "no obligation" under 18 U.S.C. § 3553(c) to "justify the magnitude of the fine." United States v. Marquez, 941 F.2d at 65. Accordingly, we will not disturb the district court's decision to impose the $25,000 fine as a financial consequence for McAllister's crimes.

We have considered McAllister's remaining arguments and conclude that they are without merit. We therefore AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court