*United States v. Hughes*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of October, two thousand twenty-four.

PRESENT:
> RICHARD J. SULLIVAN,
> WILLIAM J. NARDINI,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                          No. 23-6816

FRANCIS HUGHES,

> *Defendant-Appellant.*

_____

| For Defendant-Appellant: | EDWARD S. ZAS, Federal Defenders of New York, Inc., New York, NY. |
|---|---|
| For Appellee: | MARCIA S. COHEN (Nathan Rehn, *on the brief*), Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Philip M. Halpern, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the July 19, 2023 judgment of the district court is **AFFIRMED**.

Francis Hughes appeals from a judgment of conviction following his guilty plea to receiving child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(B) and (b)(1). The district court sentenced Hughes to sixty months' imprisonment, to be followed by ten years' supervised release. As relevant to this appeal, it also imposed a $100 special assessment pursuant to 18 U.S.C. § 3013(a)(2)(A); a $3,000 assessment pursuant to the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018 (the "AVAA"), 18 U.S.C. § 2259A; and a $5,000 assessment pursuant to the Justice for Victims of Trafficking Act of 2015 (the "JVTA"), 18

U.S.C. § 3014(a)(3).  On appeal, Hughes challenges only the imposition of the AVAA assessment.  We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review the procedural reasonableness of the imposition of the AVAA assessment for abuse of discretion.  *See United States v. Salameh*, 261 F.3d 271, 276 (2d Cir. 2001) (reviewing imposition of fine for abuse of discretion); *United States v. Madrid*, 978 F.3d 201, 206 (5th Cir. 2020) (explaining the assessment "is imposed in the same manner as a fine").  A court abuses its discretion when its ruling "rests on an error of law, a clearly erroneous finding of fact, or otherwise cannot be located within the range of permissible decisions."  *United States v. Thompson*, 792 F.3d 273, 277 (2d Cir. 2015) (internal quotation marks omitted); *see also United States v. Ramos*, 979 F.3d 994, 999 (2d Cir. 2020) ("A sentence is procedurally unreasonable if the district court . . . fails to consider the [applicable statutory] factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." (internal quotation marks omitted)).

Section 2259A of the AVAA directs that a district court "shall assess . . . not more than $35,000 on any person convicted of [certain] offense[s] for trafficking in child pornography."  18 U.S.C. § 2259A(a)(2).  Child pornography trafficking

3

offenses include Hughes's offense of conviction, which involved the receipt of child pornography in violation of section 2252A(a)(2)(B). *See id.* § 2259(c)(3) (defining "trafficking in child pornography" to include "conduct proscribed by section . . . 2252A(a)(1) through (5)"). The AVAA further provides that, "[i]n determining the amount of the assessment," a district court "shall consider the factors set forth in sections 3553(a) and 3572." *Id.* § 2259A(c).

The statute makes clear that an assessment under the AVAA is distinct from other monetary penalties that a court may, and in some cases must, impose on individuals convicted of child pornography offenses. *See id.* § 2259A(a) (requiring the assessment "[i]n addition to any other criminal penalty, restitution, or special assessment authorized by law"). Thus, for defendants like Hughes who are "convicted of trafficking in child pornography," the district court must also order restitution "in an amount that reflects the defendant's relative role in the causal process that underlies [any] victim's [provable] losses, but which is no less than $3,000." *Id.* § 2259(b)(2)(B).[1]  Separately, the JVTA provides that district

---

[1] Notwithstanding the statute's mandatory language, the parties acknowledge that restitution is appropriate only when the government proves that an identified victim has incurred (or will incur) compensable "losses" "as a result of the trafficking in child pornography depicting the victim." 18 U.S.C. § 2259(b)(2)(A); *see also id.* § 3664(e) (cross-referenced in section 2259(b)(3), explaining that the government bears the burden of proving victim loss amounts). Accordingly,

4

courts "shall assess an amount of $5,000 on any non-indigent person" convicted of certain specified offenses, including the offense for which Hughes was convicted. *Id.* § 3014(a)(3). These penalties are in addition to the mandatory $100 per-count special assessment that a defendant must pay pursuant to 18 U.S.C. § 3013, as well as any fine imposed by the court pursuant to 18 U.S.C. § 3571.

Finally, section 2259A specifies the priority of payments for these financial penalties, requiring that money received from the defendant be disbursed "so that each of the following obligations is paid in full" as follows: (1) a special assessment under section 3013; (2) mandatory restitution to victims under section 2259; (3) the AVAA assessment under section 2259A; (4) other orders under Title 18, including the $5,000 JVTA assessment under section 3014(a); and (5) "[a]ll other fines, penalties, costs, and other payments required under the sentence." *Id.* § 2259A(d)(2). "Imposition of an assessment under [the AVAA] does not relieve a defendant of, or entitle a defendant to reduce the amount of any other penalty by the amount of the assessment." *Id.*

---

restitution is not applicable when the government makes no attempt to prove losses because no victim has submitted a restitution request.

5

On appeal, Hughes contends that the district court abused its discretion by failing to consider the applicable statutory factors when imposing the $3,000 AVAA assessment pursuant to section 2259A. Hughes also asserts that the district court "may have [erroneously] believed" that an AVAA assessment of at least $3,000 was mandatory, Hughes Br. at 30, and that the assessment cannot be reconciled with the district court's findings that he lacked the ability to pay a fine. We disagree.

Before pronouncing the sentence, the district court reviewed in detail the relevant section 3553(a) factors, which Hughes does not dispute. When the district court indicated its intention to order Hughes to pay $3,000 in restitution under section 2259, the government requested that, because no victim had sought restitution, the district court instead impose a $3,000 AVAA assessment. The district court agreed that restitution was not applicable, albeit for a different reason, and then imposed a $3,000 assessment with the consent of the parties.[2] At that time, defense counsel explained that he had "discussed [the AVAA] fund"

---

[2] The district court determined that mandatory restitution under section 2259 was not applicable because Hughes "was not convicted of [a] trafficking" offense. App'x at 158. The parties agree that this conclusion was erroneous since, as explained above, Hughes's offense of receiving child pornography in violation of section 2252(a)(2)(B) constitutes "trafficking." The parties also agree that restitution was not applicable for the reason stated by the government during sentencing – that is, no victim had submitted a request for restitution.

with Hughes, and then affirmatively "approve[d] of" and "consent[ed]" to that assessment. App'x at 158–59. In other words, Hughes himself agreed not only to the appropriateness of the AVAA assessment, but also to an assessment in the specific amount of $3,000. Later, after the government reminded the district court that a $5,000 assessment was mandatory for non-indigent defendants under the JVTA, the court made a finding of non-indigency and noted that it would also impose that assessment. Defense counsel did not dispute that Hughes was non-indigent and thus agreed that the JVTA assessment was mandatory. Only then, in light of the JVTA assessment, did defense counsel request that the district court consider lowering or not imposing the $3,000 AVAA assessment. The district court declined to do so, concluding that Hughes could afford both assessments based on information from the presentence investigation report ("PSR") and defense counsel's statements at sentencing regarding Hughes's financial circumstances, including the fact that he had $30,000 in assets.

Hughes first faults the district court for not considering the section 3572 factors as required by section 2259A when imposing the AVAA assessment. But "we have not required the sentencing judge to say anything specifically about the appropriateness of a fine, beyond the general mandate of 18 U.S.C. § 3553(c),

7

which requires the sentencing court to state in open court the reasons for its imposition of the particular sentence." *United States v. Corace*, 146 F.3d 51, 56 (2d Cir. 1998) (internal quotation marks omitted). As the record demonstrates, Hughes expressly agreed to the appropriateness of a $3,000 AVAA assessment and only objected to its imposition after the district court imposed the $5,000 JVTA assessment. Accordingly, the district court appropriately focused on Hughes's ability to afford both assessments, explicitly referring to his annual income as a priest and money in his checking account. *See United States v. Sellers*, 42 F.3d 116, 120 (2d Cir. 1994) ("All that is required is that the district court consider, among other things, the defendant's ability to pay." (internal quotation marks omitted)); *Graziano v. United States*, 83 F.3d 587, 589 (2d Cir. 1996) (finding "sufficient" the district judge's indication that he "'considered the financial implications [of imposing a fine]'"). In these circumstances, the district court was not required to discuss each of the section 3572 factors, particularly those that were not relevant given the nature of Hughes's offense. *See, e.g.*, 18 U.S.C. § 3572(a)(3), (5).[3]

---

[3] Hughes argues that the district court should have explicitly discussed the burden that the AVAA assessment would have on individuals who are "financially dependent" on him, 18 U.S.C. § 3572(a)(2), given Hughes' past financial support to his sister and her family as mentioned in their letters to the district court in advance of sentencing. But the district court explicitly referenced these letters in its discussion of the section 3553(a) factors – and the letters by and large

We are likewise unpersuaded by Hughes's contention that the district court was confused as to whether the AVAA assessment was mandatory and could be less than $3,000. After determining restitution was not applicable, the district court asked the parties whether it "should" impose a $3,000 AVAA assessment "on consent." App'x at 158. Of course, defense counsel at that time was free to advocate for an amount below the $3,000 to which he agreed, particularly in light of defense counsel's apparent awareness that Hughes was subject to a mandatory JVTA assessment and that he was not indigent. And in rejecting Hughes's request to reduce or not impose the AVAA assessment, the district court did not refer to that assessment as mandatory (unlike the JVTA assessment), but instead focused on Hughes's ability to pay both assessments.

Finally, Hughes contends that the district court's imposition of the $3,000 AVAA assessment, as part of the total $8,100 in assessments imposed, was inconsistent with its finding that Hughes lacked the ability to pay a fine. Any inconsistency that may have existed, however, dissipated when the district court later explicitly considered Hughes's financial circumstances and determined that

---

reflect that whatever financial support Hughes provided occurred years, if not decades, earlier. Otherwise, the PSR indicates that Hughes (a Catholic priest) has never been married and has no dependents.

9

both a $3,000 AVAA assessment and the $5,000 JVTA assessment were appropriate. In this way, the district court's imposition of these assessments is nothing like the cases that Hughes cites. *See, e.g.*, *United States v. Berman*, 21 F.3d 753, 758 (7th Cir. 1994) (remanding for district court to explain imposition of $500,000 in discretionary restitution despite withholding a fine for inability to pay); *United States v. Mammedov*, 304 F. App'x 922, 928 (2d Cir. 2008) (concluding district court plainly erred by requiring immediate payment of $325,000 in restitution despite finding that the defendant lacked the ability to pay a fine). That the district court did not impose a fine pursuant to section 3571 does not suggest it abused its discretion in imposing the assessments that it did. To the contrary, the district court's imposition of financial penalties in this case is fully consistent with section 2259A(d)(2), which prioritizes payment of the AVAA and JVTA assessments over the payment of any fines imposed under section 3571.

\* \* \*

We have considered Hughes's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

10