**UNITED STATES of America,**
**Appellee,**

v.

**Edward A. MORDINI, Defendant–**
**Appellant.**

**Docket No. 03–1379.**

United States Court of Appeals,
Second Circuit.

Argued: Feb. 27, 2004.

Decided: May 3, 2004.

Stephen R. Coffey, O'Connell and Aronowitz, P.C., Albany, N.Y. (Andrew R. Safranko, Albany, NY, of counsel), for Defendant–Appellant.

Barbara D. Cottrell, Senior Litigation Counsel to the United States Attorney for the Northern District of New York (Thom-

as Spina, Jr., Assistant United States Attorney for the Northern District of New York, of counsel; Glenn T. Suddaby, United States Attorney for the Northern District of New York, on the brief), for Appellee.

Before: STRAUB, POOLER, and B.D. PARKER, Circuit Judges.

PER CURIAM.

Defendant–Appellant Edward Mordini ("Mordini") appeals the judgment of the United States District Court for the Northern District of New York (David R. Homer, *Magistrate Judge*) sentencing him, *inter alia,* to pay the costs of his supervised probation in the amount of $9,741. An amendment to the United States Sentencing Guidelines in 1997 provides that courts are to consider costs of supervision when determining a defendant's fine, rather than making a separate cost of supervision assessment in addition to that fine. Because the costs assessed here exceeded the maximum fine of $5,000 for which the defendant was eligible under the guidelines and because the court gave no indication that it intended to depart from the guidelines, we remand this case for resentencing in accordance with this opinion.

## BACKGROUND

On August 5, 2002, Appellant Edward Mordini ("Mordini") applied for admission to the United States from Canada at the Champlain, New York Port of Entry, while in possession of five or more blank identification documents, including blank birth certificates and baptismal certificates. Mordini was arrested by U.S. Customs Agents for violating 18 U.S.C. § 1028(a)(3) by attempting to enter the United States with five or more identification documents *not issued lawfully for his use* with the intent to use these documents unlawfully.

On August 20, 2002, Mordini pled guilty to a one-count criminal indictment and was principally sentenced on May 16, 2003 to 3 years of probation and ordered to pay $9,741 toward his probation supervision. At sentencing, the court specifically stated that "[a]fter considering [the defendant's] present financial condition and the sentence just imposed, the Court does not impose any fine. However, [the defendant] shall pay the costs associated with [his] probation supervision in the amount of $9,741 . . . ."

## DISCUSSION

United States Sentencing Guideline ("U.S.S.G") § 5E1.2 provides for fines for individual defendants. Prior to its amendment in 1997, U.S.S.G. § 5E1.2(i) provided that "the court shall impose an additional fine amount that is at least sufficient to pay the costs to the government of any imprisonment, probation, or supervised release ordered." In 1997, the guidelines were amended so that costs of supervision or imprisonment would no longer be assessed in isolation from the defendant's punitive fine. As reflected in the revised guideline, § 5E1.2(d)(7), costs of imprisonment and supervision are now supposed to be one among several factors considered in determining the defendant's fine. *See* U.S.S.G., app. C, vol. 1, amend. 572, at 539–40.

According to U.S.S.G. § 5E1.2(c)(3), Mordini faced a maximum fine of $5,000. Rather than assessing a fine which considered the costs of Mordini's supervision, the court purported to assess no fine, as such, but instead assessed Mordini $9,741 to pay the costs of his supervision. Based on the amendment described above, the court's sentence was in error. The court should have assessed Mordini no more than $5,000, an amount within his guidelines range. Had the court intended to make an

upward departure, it should have so stated. *See* 18 U.S.C. § 3553(c) (stating that when a court departs from the guidelines, it should indicate "the specific reason for the imposition of a sentence different from that described, which reasons must also be stated with specificity in the written order of judgment and commitment, except to the extent that the court relies upon statements received in camera"); *see also United States v. Quintieri*, 306 F.3d 1217, 1235 (2d Cir.2002).

█ Mordini did not object below to the cost of supervision assessment nor did he seek relief pursuant to Federal Rule of Criminal Procedure 35 (providing that "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error"). Thus, absent plain error, Mordini has waived appellate review of this issue. *See* FED. R. CRIM. P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention."). However, given that the error appears plain on its face and that Mordini's fine was nearly double the maximum fine available under the sentencing guidelines, we exercise our discretion to hear the appeal. *See Quintieri*, 306 F.3d at 1235; *United States v. Sellers*, 42 F.3d 116, 118 (2d Cir.1994). We, therefore, issue a limited remand for the purpose of assessing a fine against the defendant which reflects his costs of supervision as may be permitted by the sentencing guidelines. We express no opinion as to whether a departure from the sentencing guidelines would be appropriate under the circumstances.

For the reasons stated above, we hereby REMAND this case for resentencing in accordance with this opinion.