**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Anthony Andre DEMYERS, aka Robert Murray, aka Andre Demyers, Defendant–Appellant.**

No. 04–50038.

D.C. No. CR 03–0391 RGK.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 24, 2005.*

Decided Sept. 2, 2005.

As Amended on Grant of Rehearing Nov. 2, 2005.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2)(C).

Jason P. Gonzalez, Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

James H. Locklin, Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before TASHIMA, FISHER, and TALLMAN, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

MEMORANDUM **

Anthony Andre DeMyers appeals his sentence, including a $1 million fine, following his guilty plea to charges of bank fraud, possession of stolen mail, and unauthorized use of an access device. We remand the sentence under *United States v. Ameline*, 409 F.3d 1073 (9th Cir.2005) (en banc) (*"Ameline II"*).[1]

In early 2003, DeMyers was caught in possession of stolen mail. An investigation revealed that DeMyers had used this mail to engage in a wide variety of fraudulent activity, including applying for, obtaining, and using credit cards in other people's names, writing checks on his bank account when it had no funds in it, and creating and using counterfeit checks. Based on this behavior, DeMyers was charged in and pled guilty to a five-count indictment. He admitted the charges, but made no further admissions. DeMyers was sentenced to 24 months' imprisonment and a $1 million fine—the statutory maximum.

■ On appeal, DeMyers originally challenged only the amount of the fine. Following our decision in *United States v. Ameline*, 376 F.3d 967 (2004) (*"Ameline I"*), *superceded by Ameline II*, 409 F.3d 1073, however, he raised a challenge to the remainder of his sentence, as well. Because he failed timely to object to his sentence, we review for plain error.[2] *Ameline II*, 409 F.3d at 1078.

■ We agree with DeMyers that this record does not support the amount of his fine under a mandatory guideline system. Rather than considering the factors

1. Because the parties are familiar with the facts, we recite them here only as necessary to explain our disposition.

2. The government argues that DeMyers waived the right to appeal his fine by not objecting to the presentence report before the

that U.S.S.G. § 5E1.2(d) requires a court to address when determining the amount of a fine, *see United States v. Sager*, 227 F.3d 1138, 1148 (9th Cir.2000), the district court placed the burden on DeMyers to prove that he should not be required to pay the statutory maximum fine of $1 million.[3] Because there is strong evidence in the record that DeMyers lacked the ability to pay a $1 million fine, this constituted plain error. *Cf. United States v. Montgomery*, 384 F.3d 1050, 1064 (9th Cir.2004) ("Because the amount of restitution was discretionary, and because O'Connor was insolvent, the error affected O'Connor's substantial rights and was therefore plain."); *United States v. Mordini*, 366 F.3d 93, 95 (2d Cir.2004) (finding plain error in district court's erroneous calculation of a fine); *United States v. Quintieri*, 306 F.3d 1217, 1235 (2d Cir.2002) (holding that district court plainly erred by imposing fine above guidelines range).

DeMyers' challenge to the imprisonment portion of his sentence was originally based on our decision in *Ameline I* that judge-made findings of fact that increase the maximum possible sentence under the sentencing guidelines violate the Sixth Amendment. *See Ameline I*, 376 F.3d at 970. Subsequent events, however, have overtaken that argument because the sentencing guidelines are no longer mandatory. *See United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Although ample evidence in the record supports the district court's determination of the length of DeMyers' sentence of imprisonment, the question before

us now is "whether the district court would have imposed a materially different sentence at the time of sentencing had it known that the Guidelines were advisory rather than mandatory." *Ameline II*, 409 F.3d at 1083 (citation omitted).

Because he has completed serving the imprisonment portion of his sentence, that portion of this appeal has been rendered moot. Because of the sentencing error with respect to the amount of the fine, *Ameline II*, requires us to vacate the fine portion of the sentence only and remand for further sentencing proceedings with respect to the fine. "To correct the ... error, the district court must hold a new sentencing hearing...." *Id.* at 1086.

**FINE VACATED and REMANDED.**

---

fine was imposed and by failing to file a motion to correct his sentence under Fed. R.Crim.P. 35 when invited to do so by the district court. The government has provided no authority, however, for the proposition that the decision to forego making a Rule 35 motion amounts to the "intentional relinquishment or abandonment of a known

right." *See United States v. Perez*, 116 F.3d 840, 845 (9th Cir.1997) (en banc).

3. The district court appears to have misconstrued the defendant's burden under U.S.S.G. § 5E1.2(e), to prove that he is unable to pay *any* fine, as a burden to prove that he is unable to pay *the maximum* fine.