19-2470-cr
*United States v. Lilaahar Bical*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of July, two thousand twenty.

PRESENT:   RALPH K. WINTER,
           GUIDO CALABRESI,
           DENNY CHIN,
                     *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


UNITED STATES OF AMERICA,

                     *Appellee,*


            -v-                                    19-2470-cr

LILAAHAR BICAL, aka SAMMY,

                     *Defendant-Appellant,*


DARMIN BACHU,

                     *Defendant.**


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

*        The Clerk of the Court is respectfully directed to amend the official caption to conform to the above.

FOR APPELLEE:                    DREW G. ROLLE, Assistant United States Attorney (Susan Corkery, Assistant United States Attorney, *on the brief*), *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, New York.

FOR DEFENDANT-APPELLANT:          THOMAS A. KENNIFF (Nipun Marwaha, *on the brief*), Raiser & Kenniff, PC, New York, New York.

Appeal from the United States District Court for the Eastern District of New York (DeArcy Hall, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Defendant-appellant Lilaahar Bical appeals from a judgment entered July 31, 2019, following a guilty plea, convicting him of attempt and conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. §§ 1341, 1343, and 1349. The district court sentenced Bical to three years' probation, with six months in community confinement, and imposed a fine of $55,632. On appeal, Bical argues that (1) the district court erred when it denied his motion to withdraw his guilty plea; (2) his counsel at the time of the guilty plea was constitutionally ineffective; and (3) the district court erred procedurally in imposing a fine above the range provided by the United States Sentencing Guidelines. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

2

During his plea allocution on October 4, 2017, Bical acknowledged engaging in a scheme to defraud General Motors of funding for a lease on property for a new GM dealership. Bical affirmed that he was pleading guilty voluntarily, that he was fully satisfied with his counsel's representation of him, that no threats had been made to force him to plead guilty, and that the only promises made to induce his guilty plea were those set forth in the plea agreement. At the time, Bical was represented by counsel from the law firm Carter, Ledyard & Milburn LLP ("CLM").

Just a few weeks later, Bical's co-defendant Bachu was acquitted after a three-day trial. On December 11, 2017, the district court granted CLM's motion to withdraw and Bical retained present counsel. On February 20, 2018, Bical moved to withdraw his guilty plea on the grounds that the plea was involuntary and his CLM counsel was constitutionally ineffective. The district court held a hearing on October 3, 2018 and denied the motion. On July 26, 2019 the district court sentenced Bical principally to three years' probation with the first six months to be served in community confinement and imposed a fine of $55,632. This appeal followed.

### DISCUSSION

I. *Motion to Withdraw the Guilty Plea*

A. *Applicable Law*

"We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion and any findings of fact in connection with that decision for clear

error." *United States v. Rivernider*, 828 F.3d 91, 104 (2d Cir. 2016) (quoting *United States v. Juncal*, 245 F.3d 166, 170-71 (2d Cir. 2001)). A defendant may withdraw a guilty plea after it has been accepted but prior to sentencing if he can show "a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). In deciding whether to grant a motion to withdraw a guilty plea, courts consider several factors, including (1) whether the defendant raises a "significant question about the voluntariness of the original plea"; (2) whether the defendant asserts his legal innocence in his motion; (3) "the amount of time that has elapsed between the plea and the motion"; and (4) whether withdrawal of the plea would prejudice the government. *United States v. Albarran*, 943 F.3d 106, 117-18 (2d Cir. 2019) (quoting *United States v. Schmidt*, 373 F.3d 100, 102-03 (2d Cir. 2004)).

A defendant's sworn testimony at a plea colloquy is accorded a "strong presumption of accuracy." *Rivernider*, 828 F.3d at 105 (internal quotation marks omitted). The more time that has elapsed between the guilty plea and the motion, the less likely withdrawal is to be fair and just. *See Albarran*, 943 F.3d at 123 (four-month-lapse between plea and motion to withdraw supports denial of motion); *see also United States v. Doe*, 537 F.3d 204, 213 (2d Cir. 2008) (five-month-lapse supports denial of motion to withdraw). "[T]he government need not demonstrate prejudice where the defendant fails to show sufficient grounds to justify withdrawal of the plea." *United States v. Torres*, 129 F.3d 710, 715 (2d Cir. 1997). The burden is on the defendant to show

4

valid grounds for withdrawal, *see Rivernider*, 828 F.3d at 104, and, "because society has a strong interest in the finality of guilty pleas," we apply a "stringent" standard when determining whether a defendant has carried this burden, *United States v. Rose*, 891 F.3d 82, 85 (2d Cir. 2018).

**B.**     *Application*

We conclude the district court did not abuse its discretion in denying Bical's motion to withdraw his guilty plea. After conducting a hearing, the district court determined that Bical failed to show valid grounds for withdrawal of his guilty plea. The district court reviewed the plea allocution and Bical's affidavit in support of the motion and concluded that the plea was knowing and that Bical had presented "no evidence" to show that the plea was involuntary. App'x at 217. The district court noted that though Bical maintained his innocence in the affidavit submitted with the motion, this contradicted his sworn statements at the plea hearing. *See Rivernider*, 828 F.3d at 105. Further, while the district court did not specifically address the timing of Bical's motion in its oral ruling, it engaged in an extensive discussion with Bical's counsel seeking to clarify why over two months passed between the guilty plea and the motion. *See Doe*, 537 F.3d at 213 (while a "swift change of heart may indicate a plea made in haste or confusion" the delay of several months between the plea and the motion to withdraw supports a finding that the plea was voluntary) (brackets and internal quotation marks omitted); *see also United States v. Smith*, 949 F.3d 60, 66 (2d Cir. 2020)

5

(district courts are not required to engage in "the utterance of 'robotic incantations'" to assure the reviewing court they have considered the relevant factors (quoting *United States v. Sindima*, 488 F.3d 81, 85 (2d Cir. 2007) (internal quotation marks omitted)). Finally, because Bical failed to show sufficient grounds to justify the withdrawal of the plea, the Government was not required to show prejudice. *See Torres*, 129 F.3d at 715. Accordingly, there was no abuse of discretion.

## II.    *Ineffective Assistance of Counsel*

A party voluntarily waives an argument where the decision to abandon it "was the product of a free and deliberate choice rather than intimidation, coercion, or deception." *United States v. O'Brien*, 926 F.3d 57, 73 (2d Cir. 2019) (quoting *Berghuis v. Thompkins*, 560 U.S. 370, 382 (2010)). Here, in response to the district court's inquiries during the hearing on the motion to withdraw the guilty plea, defense counsel clarified several times that Bical was not asserting an ineffective assistance of counsel claim. *See, e.g.*, App'x at 196-97 (Court: "[A]re you arguing ineffective assistance of counsel or . . . providing an explanation for the Court as to why Mr. Bical didn't raise certain issues to the Court?" [ . . . ] [Counsel]: "[T]he latter, providing context."); App'x at 216 ("At this hearing, the defendant has made clear that he is not advancing an ineffective assistance of counsel claim, . . . and as such, that argument to the extent it was advanced in his submission has been withdrawn."). Accordingly, the ineffective assistance of counsel argument was waived. *See O'Brien*, 926 F.3d at 73.

**III.** *The Fine*

The district court determined that the Guidelines range for a fine was $1,000 to $10,000, with a statutory maximum of $250,000. The district court imposed an above-Guidelines fine of $55,632. Bical challenges the procedural reasonableness of the fine, contending that the district court failed to explain its reasoning for imposing an above-Guidelines fine. We are not persuaded.

We review claims of procedural unreasonableness not raised below for plain error. *See United States v. Stevenson*, 834 F.3d 80, 83 (2d Cir. 2016). Demonstrating plain error requires that there is an error that is clear or obvious, that affects the appellant's substantial rights, and that seriously affects the "fairness, integrity, or public reputation of judicial proceedings." *Id.* (quoting *United States v. Marcus*, 560 U.S. 258, 262 (2010)). Where the district court imposes a sentence that represents an upward departure from the guidelines, "it should indicate the specific reasons for the imposition of [the] sentence." *United States v. Mordini*, 366 F.3d 93, 95 (2d Cir. 2004) (internal quotation marks omitted).

Here, the Probation Office calculated that three years of supervision and six months of community confinement would result in a cost to the Government of $27,816. Noting that it chose to rely on a fine rather than a custodial period to reflect the seriousness of the offense, the district court imposed a fine double the cost of Bical's supervision and confinement because it "believe[d] that additional monies should be

7

levied against Mr. Bical to reflect the seriousness of this crime and to provide just punishment." App'x at 306. The district court thus clearly stated the reasons for its upward departure from the Guidelines range. *See Mordini*, 366 F.3d at 95. Accordingly, we conclude that there was no error -- let alone plain error -- in the district court's imposition of the fine.

* * *

We have considered Bical's remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk